## CRAIN et al., Appellants, v. PETERMAN.

### Division One, December 22, 1906.

1. **APPELLATE PRACTICE:** Law Case: No Instructions. Where no instructions were given or asked by either side in eject-ment tried to the court, a judgment for plaintiff will on appeal be upheld if there is sufficient in the record on any point to justify it, and that will be considered the decisive point in the case.

2. **EJECTMENT:** Acts of Possession: Cutting Grass Under Lease. Evidence that one who cuts grass off of the unoccupied land had been heard to say that he did so under a lease from the title owner, is of small probative force to show that the title owner had ever been in possession.

3. ————: ————: ————: Herding Cattle. The acts of defend-ant's grantor, who had bought under a void tax judgment, of herding cattle, cutting timber and selling to others the right to do so, do not amount to actual possession, though done under color of title and actual claim of title.

4. ————: Limitation: Thirty Years. Where the title owner for thirty consecutive years after the title emanated from the Government paid no taxes and had not been in possession, he and those claiming under him are, under the thirty-year Statute of Limitations (sec. 4268, R. S. 1899), given only one year after the actual lawful possession of defendant or his grantor began to bring suit, and if the suit is not brought with-in one year, the title vests in the person in possession.

Appeal from Dent Circuit Court.—*Hon. L. B. Wood-side,* Judge.

AFFIRMED.

*John W. McClellan* and *Ed. J. Shuck* for appel-lants.

(1) Plaintiffs insist that the law presumes that every possession is rightful and consistent with and not in opposition or adverse to title and ownership. Hun-newell v. Burchett, 152 Mo. 611. Therefore, it devolves on defendant to show that the possession of Shuck was

not the possession of Aaron G. Crain. (2) Again, it is the contention of defendant that the acts of owner-ship exercised by Shuck were not such acts as would prevent the running of the Statutes of Limitation; that the acts were not open, notorious and continuous and were not such acts as a passer-by would be presumed to see. Now, this would be a correct proposition of law when applied to the disseizor, to the wrongdoer, and to the person claiming title in disregard of the rights of others; however, the acts as above stated need not be so strong if the party claiming by the Statutes of Limitation can show by evidence that the party being ousted knew of the claims of the disseizor or ouster, (Nye v. Alfter, 127 Mo. 529), but is the true owner of the land required to be in possession as long as an ous-ter to break the possession of a wrongdoer? Is it not a fact that a single week or even a day would be time sufficient to break the Statutes of Limitation and defeat the acquiring of title by a wrongdoer? There is great difference between the possession required to acquire title by the Statutes of Limitations and the possession required or necessary on the part of the party who has the superior title to break the continuity of possession so as to defeat the acquiring of title by the Statutes of Limitations whether it be the ten or thirty-year Stat-uts of Limitations, because the one "adverse posses-sion" designates a possession in opposition to the true title and real owner, and it implies that it commenced in wrong by ouster and disseizure and is maintained against right (Hunnewell v. Burchett, 152 Mo. 611), while the other is only the ordinary acts of ownership incident to the use and enjoyment of property by the party holding under the superior title.

*D. W. Clements* for respondent.

(1) No reversible error is assigned or shown. Hamilton v. Boggess, 63 Mo. 243; Weller v. Wagner,

181 Mo. 151. (2) Plaintiffs' cause of action is barred by the general ten-year Statute of Limitations. Draper v. Shoot, 25 Mo. 197; Benne v. Miller, 149 Mo. 237. (3) Plaintiffs' cause of action is barred by the thirty-year Statute of Limitations. Pharis v. Bayless, 122 Mo. 116; Shumate v. Snyder, 140 Mo. 77; Collins v. Pease, 146 Mo. 135. (4) Respondent's is the better title. Hunnewell v. Burchett, 152 Mo. 611.

VALLIANT, J.—Plaintiffs sue in ejectment for the possession of 320 acres of land in Dent county.

Plaintiffs introduced in evidence the Government plat-book showing that the land in question was entered by Aaron G. Crain in 1857. They also introduced evidence tending to show that Crain died in 1879 and that the plaintiffs are his heirs at law. Also that from 1870 to 1875 a man named Shuck, who is now dead, lived near the land and used to cut grass on it and he was heard to say that·he had a lease from Crain under which he cut the grass.

The testimony on the part of the defendant tended to show as follows:

Aaron G. Crain never lived in Missouri; neither he nor anyone claiming or who might claim under him had for thirty consecutive years been in possession; and neither he nor anyone claiming or who might claim under him had for that period of time paid any taxes on the land.

A sheriff's deed on a judgment against one S. M. Alward for the taxes of 1875 and 1876, conveying the land to A. H. Love, dated October 11, 1879, duly recorded.

A sheriff's deed to said land on judgment against N. I. Kenyon, A. H. Love, L. Judson and Aaron G. Crain, for the taxes of 1896, to A. H. Love, dated April 6, 1899, and warranty deed from Love to defendant Peterman, December 11, 1902, both duly recorded.

Crain v. Peterman.

There was evidence for defendant tending to show that immediately after Love received the first sheriff's deed in 1879 he placed it on record and exercised acts of ownership over the land, herding cattle, cutting timber, etc., but the first actual possession under his title was in 1895 or 1896 and that was the first actual possession by anyone. Since that date the land has been in the actual possession of Love or one claiming under him, and Love or his assignee has paid the taxes every year from 1879 to date except for the year 1896.

This suit was brought July 24, 1903. A jury was waived and the cause was tried by the court; no instruction or declaration of law was asked or given; the finding and judgment were for the defendant, and the plaintiffs appealed.

In the absence of any instruction or declaration of law asked by either party or given by the court we do not know exactly on what legal point the case turned, but in such condition of the record, if there is sufficient in the record on any point to justify the finding and judgment, we will presume that that was the decisive point in the case.

After it was shown by defendant's evidence that neither Crain nor anyone claiming under him had been in possession of the land or paid any taxes thereon for more than thirty consecutive years, the plaintiff attempted in rebuttal to show such possession and for that purpose introduced the evidence above stated in regard to the cutting of grass by a man named Shuck. But there was no evidence of actual possession, and the evidence that Shuck in justification of his act of cutting the grass had been heard twenty-five or thirty years ago to say that he had a lease from Crain which gave him such authority was, if competent at all, not such evidence as to which a trier of the facts was bound to accord much probative force.

The acts of Love, after he recorded his sheriff's

deed, in herding cattle, cutting timber and selling to others the right to do so, were more ostensible acts of ownership than the cutting of grass by Shuck, yet those acts did not amount to actual possession, though done under color and actual claim of title. [Nye v. Alfter, 127 Mo. 529.]

Defendant's possessory title began only in 1895 or 1896 which was less than ten years before the filing of this suit. But under section 4268, Revised Statutes 1899, known as the thirty-year limitation, that possession was sufficient to defeat plaintiff's recovery. Under that statute when neither Crain nor anyone claiming under him had been in possession or paid any taxes for a period of thirty consecutive years, he or anyone claiming under him was given only one year in which to bring his suit after the actual lawful possession of Love, or that of the man under him had begun, and the statute provides that in case suit is not brought within one year the title to the land shall vest in the person in possession. The plaintiffs did not bring their suit within the period allowed by that statute and therefore they are barred.

The judgment is affirmed. All concur.