## J. C. BRADLEY v. JOHN W. GOFF et al., Appellants.

### Division One, May 31, 1912.

1. **ABSTRACT: Record Proper: Bill of Exceptions.** The fact that in the appellant's abstract the recital of the filing and overruling of the motion for a new trial appears before the heading "Bill of Exceptions," while the recital of the signing and sealing of the bill of exceptions follows that heading, does not alter the fact that the abstract contains a bill of exceptions, nor does it make the recitals of the signing and sealing of the bill any the less a part of the record proper.

2. **REAL PROPERTY: Grant: Life Estate with Remainder Over.** A grant to a person "during the term of his natural life, and at his death then to his lawfully constituted heirs," creates a life estate in that person with the remainder in fee at his death to his heirs.

3. **TAX SALE: Interest Affected: Life Estate.** A sale of land by suit for unpaid taxes against the original life tenant and his vendee carries all the title and interest possessed by either of them at the time, but does not affect the interest of the persons who shall be entitled as remaindermen at the death of the original life tenant.

4. **TAXES: Paid by Life Tenants, of Land.** It is the duty of the owners of a life estate to pay the ordinary annual taxes assessed against the property, and upon their failure so to pay, suit is properly brought against them.

5. **LIMITATIONS: Remaindermen not Entitled to Possession.** The Statute of Limitations does not run in favor of one in possession of land, as against remaindermen, until those remaindermen are entitled to possession.

6. **REMAINDER: Vendible Interest in Land.** Under a deed reading to A for his natural life, "and at his death, then to his lawfully constituted heirs," the interest of the remaindermen is vendible.

7. **PRACTICE: Counter-Relief: Sought by Members of Class not Yet Determined.** The defendants in this suit to quiet title, who are remaindermen under a deed reading to A for his natural life, "and at his death, then to his lawfully constituted heirs," are not entitled to any counter-relief against the plaintiff, who owns and is in possession of the life estate, for those remaindermen are not yet entitled to possession of the premises, and it cannot be known until the death of A who will "then" be his heirs.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

REVERSED AND REMANDED (*with directions*).

*Vories & Vories* and *Webb M. Rubey* for appellants.

(1) An action brought against a life tenant only, and a sale of the land under the judgment rendered therein, does not affect the title of the remaindermen. McCune v. Goodewillie, 204 Mo. 341. (2) There could be no adverse possession against the remainderman as it was the duty of the life tenant to pay the taxes, and the remainderman had no right to possession until the death of the life tenant. McCune v. Goodewillie, 204 Mo. 341. (3) The old rule for the interpretation of conveyances was that "if there be a repugnancy, the first words in a deed, and the last words in a will, shall prevail." But the Missouri rule is that the intention of the grantor as gathered from the four corn-

ers of the instrument is the pole star of construction. That intention may be expressed anywhere in the instrument and in any words, and the courts will enforce it, no matter in what part of the instrument it is found. Utter v. Sidman, 170 Mo. 284; Miller v. Dynn, 184 Mo. 318. (4) Words of limitation occur in the deed from Abbott P. Goff to John W. Goff in both the granting and habendum clause, "during the term of his natural life, and at his death, then to his lawfully constituted heirs," "unto the said party of the second part and to his lawfully constituted heirs, as first herein provided." These words clearly and unmistakably create a limitation upon the grant to John W. Goff. It is clear that Abbott P. Goff intended to grant a life estate only to his son John W. Goff and equally clear that he intended John W. Goff's heirs to take the remainder. Pratt v. Railroad, 130 Mo. App. 175.

*B. R. Dysart* for respondent.

(1) Matters pertaining to the record proper cannot be shown by the bill of exceptions. If under this record the bill of exceptions cannot be considered by the court, then the only matter to be reviewed by this court is the record proper. And if the plaintiff's petition states a cause of action, and the court had jurisdiction of the parties and the subject-matter of the action, then the judgment below must be affirmed. In support of the motion to affirm, the respondent cites a few of the many decisions of this court on the insufficiency of the abstract. Hutson v. Allen, 236 Mo. 645; Stark v. Zehnder, 204 Mo. 442; Keaton v. Weber, 233 Mo. 691; Alt v. Dines, 227 Mo. 418; Thorp v. Railroad, 157 Mo. App. 495; Nickey v. Leader, 235 Mo. 30; Harding v. Bedoll, 202 Mo. 625; Hayes v. Foos, 223 Mo. 421. (2) The deed from Abbott P. Goff to John W. Goff during his natural life and then to his "lawfully constituted heirs," meant the lawfully constituted heirs in

being at the time of his death. Emmerson v. Hughes, 110 Mo. 627. The lawfully constituted heirs of John W. Goff took at most only a contingent remainder, contingent upon the fact that they survived John W. Goff, the life tenant. The question arises, did the "lawfully constituted heirs" of John W. Goff take by purchase or by inheritance? Evidently by inheritance, and if so, John W. Goff took a fee simple title. The deed from Abbott P. Goff to John W. Goff sends the land by descent exactly the same as if the deed had read to John W. Goff and his heir. The said deed means that at the death of John W. Goff, the land should descend to his heirs in general. The learned counsel for the defendants seem to regard the said deed as creating a fee tail, in which event the first taker would take a life estate, remainder in fee to the remaindermen. But it is evident that the Abbott P. Goff deed did not create a fee tail, for the lack of words of procreation. 11 Am. & Eng. Ency. Law (2 Ed.), p. 371; Tygard v. Hartwell, 204 Mo. 200; Reed v. Lane, 122 Mo. 314; Yocum v. Siller, 160 Mo. 292; Gannon v. Pauk, 200 Mo. 75. (3) If the State in enforcing its lien for taxes on real estate was limited to the sale of the life estate therein, there would be no purchaser at the tax sale, for the life estate might terminate in a day, a week, a month or a year. The following are cases showing what interest the purchaser gets to land at a tax sale. Gitchell v. Kreidler, 84 Mo. 472, 475; Strafford v. Fizer, 82 Mo. 393; Evans v. Robbinson, 92 Mo. 192; Allen v. Ray, 96 Mo. 542; Moore v. Woodruff, 146 Mo. 597, 602; Stuart v. Ramsey, 196 Mo. 404. Our contention is that contingent remaindermen are not necessary parties to a suit by the state to enforce its lien, and only parties having a vested interest are necessary parties.

BOND, C.—This suit to quiet title is brought by plaintiff, J. C. Bradley, who claims under a sheriff's deed, dated March 17, 1891, following a sale for taxes.

Defendants are John W. Goff and Nathan D. Goff, the former a life tenant of the land, and the latter his vendee under a quitclaim, with whom are joined the four children of John W. Goff and the husband of one of them. In their answer the defendants set out their relationship to John W. Goff, allege that he has no interest in the land described in the petition, having sold his life estate therein to his co-defendant, Nathan D. Goff, and that the estate in fee to said lands belongs to the said children of John W. Goff, subject to the life estate which he conveyed. They pray the court to adjudge in whom said life estate is now vested, and that said four children be declared to be remaindermen in fee, and that the life tenant be required to conserve the estate, pay taxes, and at the death of John W. Goff to render possession to his children.

Jury was waived, and the cause was submitted to the court upon a stipulation containing an agreed statement of facts, in substance, to-wit:

1. On August 5, 1879, Abbott P. Goff, who then owned the land in dispute executed a general warranty deed to his son, John W. Goff, the granting clause of which is, to-wit: "Do by these presents, grant, bargain and sell, convey and confirm unto the said party of the second part (John W. Goff) during the term of his natural life, and at his death, then to his lawfully constituted heirs, the following described lots, tracts or parcels of land lying and being situate in the county of Macon, State of Missouri," etc. The habendum clause is, to-wit: "To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in any way appertaining, unto the said party of the second part (John W. Goff) and to his lawfully constituted heirs, as first herein provided."

2. That on February 25, 1885, the defendant John W. Goff, the grantee in the above deed, by quitclaim

deed of that date, duly recorded, conveyed his interest in said land to his co-defendant, Nathan D. Goff.

3. In October, 1890, suit was brought for taxes on said land against said John W. Goff and Nathan D. Goff, and against no one else. That judgment for taxes was rendered, and a sale under said judgment was made March 17, 1891, and J. C. Bradley, the plaintiff in this suit, became the purchaser of said land and received a sheriff's deed therefor, which is duly recorded.

4. J. C. Bradley, the plaintiff in this case, has had possession of said land since the date of his purchase aforesaid, and is now in possession thereof, under and by virtue of said tax deed.

5. That John W. Goff, the person to whom said deed was made by his father as hereinbefore stated is yet living and has the following children, to-wit: Mary G. McCloy, intermarried with Moses H. McCloy; John W. Goff, Jr., Nathan D. Goff, Jr., and Waldo P. Goff, Jr. (a minor). These named children are the sole and only lawful heirs of said John W. Goff and to whom the fee in said land would go at this time, was the said John W. Goff, to whom a life estate was granted, as aforesaid, dead.

6. Copies of the deeds referred to in this agreed statement of facts may be introduced in evidence.

The agreement of facts contained other matters not material, and was signed by all the parties.

The court rendered judgment upon the pleadings and evidence, that the plaintiff was the owner in fee of the land described in the petition, and that the defendants have no right, title or interest in or to the same.

After the overruling of their motion for a new trial, the defendants appealed to this court.

## OPINION.

I. Respondent complains in his brief that the abstract filed in this court by appellants fails to show in that portion devoted to a recital of the record proper that the bill of exceptions was duly signed and made a part of the record proper, and that the motion for new trial was filed and overruled. While the heading of the bill of exceptions appears in the abstract a paragraph ahead of the place where the bill of exceptions begins, we do not think that alters the fact that the abstract contains a bill of exceptions; nor do we think that the fact that between this heading and the beginning of the bill of exceptions there is an intervening paragraph which contains recitals which should appear in the record proper, makes them any less a part of the record proper because of the prefix of the heading of the bill of exceptions. The character of the recitals in the abstract is shown by intrinsic evidence afforded by their contents, and no mere mislocation of the heading of the bill of exceptions can affect the character of the respective entries. [Sanguinette v. Railroad, 196 Mo. 486.] We, therefore, overrule the motion in respondent's brief to dismiss this appeal or affirm the judgment.

II. The terms of the granting and habendum clauses in the deed to John W. Goff created by express terms a life estate in him with the remainder in fee at his death to his "lawfully constituted heirs." This latter expresssion is merely a tautological way of referring to his heirs at the time of his death, for there can be no heirs who are not lawful heirs. The term itself necessarily implies that the persons included under it are of the class "constituted" heirs by the law. Hence, the redundant phrase used in the present deed meant no more than if the word "heirs" had been substituted for it. This being its meaning, the persons who shall be the lawful "heirs" of John

W. Goff at his death are entitled "then" to a remainder in fee in the land described in the deed to him.

The sale of this land by suit for unpaid taxes against the original life tenant and his vendee carried all the title and interest possessed at the time by either of them, but it did not affect the interest of the persons who shall be entitled as remaindermen at the death of John W. Goff. At the time the tax suit was instituted, the record shows that the estate of John W. Goff was only for his life, and that he did not convey to his vendee, Nathan D. Goff, any greater estate. Hence, the only two defendants to the tax suit were the representatives only of a life tenancy in the land. Necessarily, therefore, the only estate which passed under the sheriff's deed made after the sale for taxes was the qualified interest of one of the defendants for the life of the other. [R. S. 1909, sec. 11498; Vance v. Corrigan, 78 Mo. 94.] It was the duty of the owners of the life estate to pay the ordinary annual taxes assessed against the property. [Hall v. French, 165 Mo. l. c. 438; Bone v. Tyrrell, 113 Mo. 175.] Upon their failure so to do suit was properly brought against them, and, as far as this record discloses, all the title they had in the land passed after the sale for taxes and the deed in accordance therewith executed by the sheriff. The plaintiff's title in this case rests wholly on the sheriff's deed; that deed could not convey to the plaintiff an estate in the lands belonging to other persons than the defendants in the tax suit; and, hence, did not warrant the judgment rendered in this case adjudging the plaintiff was vested with the fee simple title to the land in dispute.

Respondent suggests that the Statute of Limitations ran in his favor. Obviously there is no merit in that contention, for the remaindermen in the deed under review are not yet entitled to the possession of their estate. [Hall v. French, 165 Mo. l. c. 439; Thomas v. Black, 113 Mo. l. c. 70.] Respondent further suggests

that the interests of the remainderman under the deed in question is not vendible. This is a misapprehension of the law. [R. S. 1909, sec. 2787; Brown v. Fulkerson, 125 Mo. l. c. 403; Godman v. Simmons, 113 Mo. 127.]

The finding of the learned trial judge that the plaintiff was seized of an indefeasible estate in fee in the premises described in his petition was erroneous. The plaintiff can have no interest in the premises in question beyond the life of John W. Goff. After his death they belong in fee to the persons who shall "then" be his lawful heirs. They are not at present entitled to any counter-relief against the plaintiff in this action, for they are not yet entitled to possession of the premises, and it cannot be known until the death of John W. Goff who will "then" be his heirs. When that happens defendants may or may not belong to that class.

The judgment is therefore reversed and the cause remanded to the trial court to dismiss the plaintiff's petition. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.