## T. M. MATHIS et al., Appellants, v. RALPH MELTON et al., Appellants.

### Division Two, March 18, 1922.

1. **SUIT TO DETERMINE TITLE: Action at Law: Finding of Facts Binding.** This suit to determine title under Section 1970, Revised Statutes 1919, being an action at law, tried by the court without the intervention of a jury, whatever conclusions of fact the trial court reached upon substantial evidence are binding upon the Supreme Court on appeal.

2. ———: **Limitations: Ancestor and Heir.** Where the statutes of limitations began to run against the ancestor in his lifetime, they continue to run against his heirs after his death, and no disabilities existing amongst his heirs at that time would stop them from running.

Mathis v. Melton.

3. ———: ———: Husband and Wife: Jus Uxoris. Where a man and woman intermarried in 1874, she then owning an undivided half interest in the land in question, the husband thereby acquired a freehold estate *de jure uxoris*, which gave him the sole possessory right to such land, with remainder in his wife, and during the continuance of such right the statutes of limitations did not run against the wife.

4. ———: ———: ———: ———: Married Woman's Act of 1889. Where the husband became vested with a freehold estate in his wife's land *de jure uxoris* prior to the Married Woman's Act of 1889, such act did not take from him such vested rights.

5. ———: Life Tenant and Remaindermen: Paying Taxes. While the life tenant and remainderman are, in so far as the State's right to proceed against the property is concerned, equally under a duty. to pay taxes thereon, yet, as between themselves, the law. imposes upon the life tenant the obligation to pay such taxes.

6. ———: Thirty Year Statute of Limitations: Married Woman. Where a man and woman intermarried in 1874, she then owning an undivided half interest in the lands in question, and she continued covert until her death in 1908, an adverse possession of such lands begun in 1888 would not affect her interest, and the thirty-year Statute of Limitations would not run against her, inasmuch as she was not in possession of said premises, nor did she have the right to the possession thereof during the life of her husband.

7. ———: Husband and Wife: Heir of Wife: Statutes of Limitations. Where a man and woman intermarried in 1874, she then owning an undivided half interest in the lands in question, and she continued covert until her death in 1908, leaving her husband and one son, her only heir, an adverse possession of such lands begun in 1888 would not affect the interest of such son in said lands, during the life of his father, inasmuch as the husband, during the life of his wife, enjoyed a freehold estate *de jure uxoris*, and upon her death, in virtue of the birth of a son, became possessed of an estate for life by the courtesy, and therefor the son, not having any right to the possession during the life of his father, the statutes of limitations did not run against him, nor was he obliged to bring suit under Section 1970, Revised Statutes 1919, to prevent loss of his interest by adverse possession.

Appeal from Butler Circuit Court.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Atkinson, Rombauer & Hill* for plaintiffs.

(1) Several of the defendants are barred as to lots 15 and 16 by the ten-year Statute of Limitations. Sec. 1879, R. S. 1909. (2) Under the terms of Secs. 1884 and 1882, R. S. 1909, all the defendants are barred as to all the land. Coverture or minority does not bar the operation of the thirty-year statute. Collins v. Pease, 146 Mo. 135; DeHatre v. Edmonds, 200 Mo. 246; Scannell v. Am. etc. Co., 161 Mo. 606; Campbell v. Greer, 209 Mo. 199; Crain v. Peterman, 200 Mo. 295. (3) Non-payments of taxes need not be established by direct and positive proof, but may be inferred from other facts and circumstances. Rollins v. McIntire, 87 Mo. 496; Land & Imp. Co. v. Epright, 265 Mo. 217. (4) The fact that the land was assessed to Mrs. Jonathan Pinkerton in 1889 and the book showing the taxes were paid, but not showing by whom paid, is no proof that they were paid by the Greer heirs, and there is no presumption that they were paid at any time by the Greer heirs. Rollins v. McIntire, 87 Mo. 518. (5) This is a suit at law and this court will not disturb the findings of fact by the trial court. (6) When the Statutes of Limitation begin to run they run over everything, all disabilities. (7) It is only between the owner of the life estate and the remainderman that the duty devolves upon the owner of the life estate to pay the taxes. However, as to the State both the owner of the life estate and the remainderman owe a duty to pay taxes. 17 R. C. L. p. 636.

*Henson & Woody* for defendants.

(1) The judgment in favor of George Bates is correct because: (a) Immediately upon the birth of issue alive of the marriage between Horace Bates and Evelyn Greer, Horace Bates became vested with curtesy initiate in all the lands then owned by his wife, and in all lands that she might thereafter acquire. This curtesy became consummate upon the death of Evelyn Bates in 1908,

and is a life estate in Horace Bates. Washburn on Real Property (3 Ed.), 146-169; Reaume v. Chambers, 22 Mo. 36; Casler v. Gray, 159 Mo. 594; Powell v. Powell, 267 Mo. 117; Miller v. Bledso, 61 Mo. 104; Meyers v. Hansbrough, 202 Mo. 495. (b) Under the law as it then existed, Horace Bates, immediately upon his marriage to Evelyn Greer, became entitled to the possession of all the real estate she owned, being an undivided one-half of the lands in controversy, and he alone could sue therefor. This right continued until her death in 1908, and was not affected by the Act of 1889, hence limitations did not run against Evelyn Bates. After her death, Horace Bates became entitled to the possession of the land as tenant by the curtesy, which right is still in existence, hence none of the Statutes of Limitation have ever begun to run against the interest George Bates inherited from his mother. Lewis v. Barnes, 272 Mo. 377; Lewis v. Barnes, 220 S. W. 487; Hall v. French, 165 Mo. 430; Shumate v. Snyder, 140 Mo. 77; Powell v. Powell, 267 Mo. 117; Howell v. Jump, 140 Mo. 442; Nichols v. Hobbs, 197 S. W. 258; Coulson v. La Plant, 196 S. W. 1147. (c) The tenancy of Horace Bates in an undivided one-half of the lands in controversy was an interest in the entire estate of his wife, and could not have been partitioned and set off to him in money in accordance with the mortality tables. Stockwell v. Stockwell, 262 Mo. 671; Carson v. Hecke, 222 S. W. 850. (d) It is the duty of the life tenant to pay the taxes, and the non-payment thereof by him in no wise affects the title of George Bates. Keaton v. Jorndt, 259 Mo. 196; Lewis v. Barnes, 199 S. W. 217; Armor v. Frey, 253 Mo. 474; Graham v. Ketchum, 192 Mo. 196; Troll v. St. Louis, 257 Mo. 731; Nichols v. Hobbs, 197 S. W. 260. (2) As to the remaining undivided one-half interest in the lands, the burden was on plaintiffs to show that they had acquired same by limitation. Freeland v. Williams, 220 Mo. 232; Slicer v. Owens, 241 Mo. 323; Improvement Co. v. Epright, 265 Mo. 210; Lewis v. Barnes, 199 S. W. 221; Lewis v. Barnes, 220 S. W. 490. (3) So far as the thirty-year

statute is concerned, plaintiffs have failed to show that they acquired the interest of the heirs of Winfield Greer under that statute. State ex rel. v. Crumb, 157 Mo. 557; Hunter v. Moore, 202 S. W. 546; Bell v. George, 204 S. W. 519; Lewis v. Barnes, 272 Mo. 377; Huston v. Graves, 213 S. W. 79; Wier v. Lumber Co., 186 Mo. 388; Brannock v. McHenry, 252 Mo. 9; Nelson v. Jones, 245 Mo. 579, 591; Stone v. Perkins, 217 Mo. 586; Crain v. Peterman, 200 Mo. 295. (4) With the exception of the interest of Joseph Greer in lots 15 and 16, plaintiffs have failed to show that they acquired the interest of the heirs of Winfield Greer under the ten-year Statute of Limitation. R. S. 1909, sec. 1881; Franklin v. Cunningham, 187 Mo. 184; Bucher v. Hohl, 199 Mo. 320; Hinters v. Hinters, 114 Mo. 26.

REEVES, C.—Land title suit under the provisions of Section 1970, Revised Statutes 1919. The land involved is described as: "All of Lots 13, 15 and 16 of the Southwest quarter of Section 31, Township 26 north, Range 8 east, in Butler County, Missouri."

The petition is in usual form, alleging that plaintiffs are the owners in fee simple of said property; that defendants make an adverse claim, and plaintiffs pray for an ascertainment and determination of the interests of the parties litigant, and that defendants be divested of their apparent interest and the title made to repose in plaintiffs.

The defendants answered in groups, severally admitting their claim of title, denying the interest of plaintiffs, and they too prayed for a determination favorable to them and that title vest in them.

Plaintiffs filed their replication, wherein they set up the ten-and thirty-year Statutes of Limitations. Upon a trial, before the court, sitting as a jury, plaintiff, T. M. Mathis, was adjudged the owner of an undivided one-half of Lot 13 and the life estate of defendant, Horace Bates, in the other undivided one-half of said lot; that subject to the life estate of Horace Bates, owned by the

said Mathis, George W. Bates owned an undivided one-half of said lot; plaintiff, Belle Mathis, was adjudged the owner of an undivided one-half of Lots 15 and 16 and the life estate of Horace Bates in the other undivided one-half interest in said lots, and that George W. Bates owned an undivided one-half interest in said lots, subject to the life estate of Horace Bates, owned by the said Belle Mathis.

From this judgment there were cross appeals to this court.

Plaintiffs deraigned their title from a tax deed, dated November 10, 1888, filed for record June 8, 1889; *mesne* and intermediate conveyances down to them; the payment of taxes; adverse occupancy from the year 1908 to the date of the filing of the suit on May 6, 1919; and the failure of defendants to pay taxes for a period of thirty years, they being out of possession, and failure to bring suit within one year as provided by Section 1311, Revised Statutes 1919.

Defendants derive their title as heirs at law of one Alfred Greer who obtained a patent to said land, bearing date of July 19, 1859. Alfred Greer, the patentee, died about the years 1859 or 1860 with the legal title vested in him, the same having previously emanated from the United States Government. He was survived by one son and two daughters, viz., Winfield, Elizabeth and Evelyn. Elizabeth married, had no children, and both she and her husband died; Winfield died in 1906, leaving numerous heirs, who are defendants here; Evelyn married Horace Bates in October, 1874, had one child, defendant George W. Bates. She died in the year, 1908. All of the defendants, excepting Horace Bates and George W. Bates, who claim under Evelyn, are claimants as heirs at law of Winfield. Horace Bates, the husband of Evelyn, paid no taxes on said property. The widow of Winfield Greer paid no taxes after his death in 1906. Whatever taxes were paid on said property after 1887 appeared to have been paid by plaintiffs and those under whom they claim.

There was some testimony that Winfield Greer in his lifetime had disposed of his interest and had abandoned said property.

I. This was a statutory action tried to the court, without the intervention of a jury. Being an action at law, whatever conclusions the court reached upon substantial evidence are binding upon us. [Hunter v. Moore, 202 S. W. 544.] In entering its judgment the court must have found that the defendants and those under whom they claimed had been out of possession and had not paid taxes on said property for the statutory period of thirty years, and such a conclusion was warranted by the testimony. [Carson v. Lumber Co., 270 Mo. 238; Schofield v. Harrison Land and Mining Co., 187 S. W. 61; Abeles v. Pillman, 261 Mo. 359.]

*Findings of Trial Judge.*

II. Upon the death of Alfred Greer, the patentee, Elizabeth, Winfield and Evelyn inherited said property in equal parts. Upon the death of Elizabeth, without issue, Winfield and Evelyn inherited her part, so that they became owners each of an undivided one-half interest.

*Limitations.*

This suit was filed on May 6, 1919, and the thirty years and one year contemplated in said Section 1311, Revised Statutes 1919, began to run in May, 1888. Winfield Greer, being alive at that time and thereafter until 1906, the statute would run against him as to his part. [DeHarte v. Edmonds, 200 Mo. 246; Crain v. Peterman, 200 Mo. 295; Fairbanks v. Long, 91 Mo. 628; Collins v. Pease, 146 Mo. 135; Scannell v. American Soda Fountain Co., 161 Mo. 606, l. c. 619; Campbell v. Greer, 209 Mo. 199; Investment Co. v. Curry, 264 Mo. 483; Laster v. Cunningham Land & Imp. Co., 213 S. W. 89.] And subsequent disabilities existing amongst his heirs at his death in 1906 would not stop the running of the statute. [Laster v. Cuningham, supra; Shaffer v. Detie, 191 Mo. 377, 90 S. W. 131; Pim v. City of St. Louis, 122 Mo. 655.]

We must hold, therefore, that the thirty-year Statute of Limitations was effective as against Winfield Greer and his heirs and whatever interest vested in him as an heir at law of Alfred Greer, and Elizabeth Greer was lost to them, and under the statute in question became vested in the plaintiffs.

III.  Evelyn Greer intermarried with defendant, Horace Bates in 1874: She then owned an undivided one-half interest in said property.  Horace Bates, her husband, enjoyed the possessory right thereto

**Married Woman.** as he had a freehold estate *de jure uxoris* with remainder in Evelyn.  This was not a right enjoyed by him in virtue of an estate by the curtesy, but in virtue of his marital relation, and it is the law that as between the life tenant and the remainderman, the life tenant alone enjoys the right to possession (Hall v. French, 165 Mo. 430, 65 S. W. 769; Nichols v. Hobbs, 197 S. W. 258; Powell v. Bowen, 279 Mo. 280), and the Statute of Limitations will not run against the remainderman during the existence of the life estate.  The rights of Horace Bates, having become vested in his wife's property, the Married Woman's Act of 1889 did not take from him such vested rights.  [Powell v. Powell, 267 Mo. 117, l. c. 127 et seq.; Jones v. Himmelberger-Harrison Lumber Co., 223 S. W. 63.]

IV.  It is urged that the duty to pay taxes rests equally upon the life tenant and the remainderman.  This is true in so far as the State's right to proceed against the property is concerned, but the law imposes upon the

**Taxes.** life tenant the duty and obligation to pay taxes. [Powell v. Bowen, supra, l. c. 297; Nichols v. Hobbs, supra; Keaton v. Jorndt, 259 Mo. 179, l. c. 196, 168 S. W. 734; Armor v. Frey, 253 Mo. 447, l. c. 474, 161 S. W. 829; Graham v. Ketchum, 192 Mo. 15, l. c. 25, 90 S. W. 350; Troll v. St. Louis, 257 Mo. 626, l. c. 731, 168 S. W. 167; Hall v. French, supra, l. c. 438; Lewis v. Barnes, 272 Mo. 377, l. c. 397.]

V. Evelyn (Greer) Bates did not die until the year 1908. Plaintiffs claimed that the thirty-year Statute of Limitations started to run against her, as well as her husband, in 1888. As has been shown she was neither in possession of said premises nor did she have a right to the possession thereof during the life of her husband. Therefore, the thirty-year Statute of Limitations would not run against her, and whatever right she had in said premises would not be divested by said statute, as it was not effective against her. [Powell v. Bowen, supra, l. c. 296; Herndon v. Yates, 194 S. W. 46, l. c. 48; Armor v. Frey, supra; Bradley v. Goff, 243 Mo. 95, 147 S. W. 1012; Hauser v. Murray, 256 Mo. 58, 165 S. W. 376.]

*Limitations.*

VI. Plaintiffs invoke the ten-year Statute of Limitations as operative against the interest of George W. Bates acquired upon the death of his mother, Evelyn (Greer) Bates. This contention is untenable. During the lifetime of Evelyn, Horace Bates, her husband, enjoyed a freehold estate in virtue of the marital relation, and upon the death of his wife, in virtue of the birth of a son, he became possessed of an estate by the curtesy and this continues during his life. George W. Bates, therefore, is in the identical situation as Evelyn, his mother, in her lifetime. Not being entitled to possession of said premises, the Statute of Limitations will not run against him, but its operation is postponed as to him during the existence of the life estate, and he is not obliged to bring suit under the provisions of Section 1970 to prevent loss of his interest by adverse possession. [Powell v. Bowen, supra.]

*Remainderman.*

The premises considered, we hold that the judgment of the trial court was correct and should be affirmed. It is so ordered. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.