ELIZABETH A. DUFFLEY, Appellant, v. JOHN D. McCASKEY, WILLIAM McCASKEY and JOHN D. McCASKEY and the AMERICAN NATIONAL BANK, a Corporation, Co-Executors of the Will of EMMA D. McCASKEY.—134 S. W. (2d) 62.

Division One, December 13, 1939.

*Wm. D. Shain* and *Harold E. Marshall* for appellant.

*Strop & Strop* and *K. D. Cross* for respondents.

DOUGLAS, J.—This is an action to quiet title to a tract of land in Andrew County in which the appellant, plaintiff below, claims a life estate; and for other relief. The appellant was the second wife of one John Donovan who owned the land. On his death he left surviving him, in addition to the appellant, one heir, the defendant Emma D. McCaskey, a daughter by his first marriage. A life estate in the land was awarded the appellant as dower, the remainder being vested in the daughter subject to the doweress' life estate. While the appellant was in possession and collecting the rents and profits she permitted the taxes on the land to become delinquent for the years 1926, 1927 and 1928.

Suit was brought in 1929 to enforce the lien of the State for the delinquent taxes and both the appellant and respondent, Emma D. McCaskey as life tenant and remainderman, respectively were made defendants. A special judgment was rendered against both and a lien decreed against the land. A special execution was issued ordering a sale of the land or as much thereof as would be necessary to satisfy the judgment. At the sale the remainderman Emma D. McCaskey was the purchaser. Thereafter, this suit was brought against her by the life tenant claiming that the sale did not convey the life estate because the respondent was disqualified to purchase. During the pendency of this suit Emma D. McCaskey died and her executors and trustees and others interested were made defendants. The trial court found for the defendants and plaintiff has appealed.

The chief question for determination is whether the remainderman was qualified to be such a purchaser at the tax sale as to extinguish the life tenant's life interest, or if the attempted purchase by the remainderman should be held merely to be a payment of the delinquent taxes.

The appellant admits that the judgment for the back taxes was valid in all particulars, that a proper execution was issued against both parties and that the sale was regular and in compliance with the law. It is important to note that there is no charge of fraud, bad faith or officiousness against the remainderman. Such cases as involve these elements are not pertinent here. Nor is it claimed that the remainderman's purchase violated any equitable duty owed the life tenant. Consequently it is argued since the State looks to the remainderman as well as to the life tenant to pay the taxes on the land, therefore in the face of such duty on her part the remainderman was not in a position to make a valid purchase at the tax sale so as to extinguish the life interest. Therefore the decision in this case

must depend solely on the application of the general rule of law as stated in the case of McCune v. Goodwillie, 204 Mo. 306 at 340-1, 102 S. W. 997, that the purchase at a tax sale by one whose duty it was to pay the taxes operates merely as a payment of such taxes, leaving the payment to stand as if the payment had been made before the sale. In passing, it might be observed in that case the rule was applied to a life tenant. Black on Tax Titles (2 Ed.), section 275, states the rule so broadly as to include any person who is under a moral or legal obligation to pay the taxes.

It is true that where the relationship between parties having interests in the same land imposes the duty on one party to pay the taxes the principle is well established that a purchase at a sale for taxes by the one who is under such duty shall operate only as payment of the taxes and he acquires no rights as against another party by a neglect of the duty which he owed to such party. But here it is not claimed, nor can it be, that the respondent as remainderman owed such duty to the appellant.

■ As a matter of law, *inter sese,* the duty of paying ordinary annual taxes is on the life tenant. This has long been the settled law of this State (Estey v. Commerce Trust Co., 333 Mo. 977, 64 S. W. (2d) 608), and generally throughout the country. [Am. Law Inst. Restatement Property, sec. 129; cases cited in note 17 A. L. R. 1385.] This rule is likewise applicable to tenants for life in estates created by operation of law. [Lewis v. Barnes, 272 Mo. 377, 199 S. W. 212.]

The doweress, upon being assigned dower in the land, became vested with a life estate, Revised Statutes 1929, section 318 (1 Mo. Stat. Ann., p. 202). She thereupon assumed the usual rights and obligations imposed upon any tenant for life. She entered into possession. She had the full use and enjoyment of the property. The right to emblements belonged to her and she became entitled to and the evidence shows she took the entire fruits and income so long as her estate continued. Certain duties in respect of the remainder were imposed upon her because of the obligation of fidelity to the remainderman which the law places upon the life tenant. ·She must preserve and protect the remainder; she may not injure or impair it. Our court has gone so far as to say that a life tenant's relationship to the remainderman is in a sense that of a fiduciary. [Mathews v. O'Donnell, 289 Mo. 235, 233 S. W. 451.] Should the life tenant fail to pay the taxes the interest of the remainderman is imperiled because the liability for taxes is not a mere personal obligation of the life tenant nor is the lien effective against her estate only. The remainder may be affected. A personal judgment cannot be rendered against a landowner for taxes assessed against his land. The judgment is special, against the land alone. [Chilton v. Pemiscot County, 320 Mo. 468, 50 S. W. (2d) 645.] Where both the life

tenant and the remainderman are properly sued and all interests in the land are sold, the State's lien is foreclosed upon the fee. [Keaton v. Jorndt, 259 Mo. 179, 168 S. W. 734.] By her failure to pay the taxes the remainder became subject to a lien for them and liable to ultimate sale.

There is no reciprocal duty on the part of the remainderman to the life tenant. On the contrary, because of the life tenant's duty, the remainderman has the right correlative to such duty to have the property protected from tax liens. Having such a right, is the remainderman because of her duty to the State to be prohibited from being a bona fide purchaser at the sale of the property for taxes? Under the circumstances of this case we find no logical reason to hold that she is. We said in Mathis v. Melton, 293 Mo. 134, 238 S. W. 806: "It is urged that the duty to pay taxes rests equally upon the life tenant and the remainderman. This is true in so far as the State's right to proceed against the property is concerned, but the law imposes upon the life tenant the duty and obligation to pay taxes." Is the life tenant, whose neglect of duty to the remainderman brought about the sale, in a position to assert the failure of the remainderman to perform her duty to the State? If such is the case the life tenant is in a position to profit from her own neglect of duty at the expense of one to whom she owed the duty. This she cannot do.

Judge Cooley (Taxation (4 Ed.), sec. 1439) says: "But when one owes no duty to any other in respect to the land, it is not so clear upon what principle of equity or of estoppel such other is to set up, as against him, his neglect to perform in due season his' duty to the State." Especially is this true where the equities are against the party asserting such neglect of duty to the State. The life tenant as pointed out owes the primary obligation for taxes. She was in possession and enjoyed the rents and profits. She failed in her duty to the remainderman. By her own neglect the remainder was endangered. From her own default the tax sale resulted. It would be manifestly unjust to rule that after such violation of duty on her part she can still assert that because of the duty of the remainderman to the public the purchase was merely a payment of the taxes so that her life estate remains preserved.

The precise question under consideration has received but scant attention from the courts. "We can find no authority to the effect that the remainderman absent fraud, officiousness or bad faith is under such a fiduciary duty to the life tenant that he cannot purchase at a foreclosure sale to the exclusion of the life tenant." [3 Simes, Future Interests, sec. 637.] In Jinkiaway v. Ford, 93 Kan. 797, it was held that as between a remainderman and ·a life tenant the latter should pay the taxes and it was specifically held the remainderman might purchase a valid tax title to the exclusion of the life tenant. The duty of the remainderman to the State as regards

payment of taxes was not discussed. In the cases which appellant claims support her contention there was either a duty owed by the purchaser to the other party to pay the taxes or the purchase was in bad faith as to the other party so that those cases offer no aid in reaching our conclusion in this case.

The validity of the purchase is further challenged for the reason that the sheriff levied on and sold under the execution the estate of the life tenant only. Again there is no charge of fraud or bad faith. This challenge is conceived for the first time in this court and it is elementary law that a case must be submitted in the appellate court on the same theory upon which it was tried in the lower court. By solemn admission in her pleading appellant "concedes that the tax proceedings were in all matters lawful and regular and disclaims any intent to assert any right, title or interest in and to the real estate in question, that is based upon any question as to regularity of the tax proceedings." She is bound by this admission and cannot now change her position.

In addition, we cannot see how this appellant has been harmed by the failure to levy also upon the remainder or by what right she may now be heard to object to the sale for such reason. She does not deny that her interest was properly subject to sale. The fact that her interest only was levied on in no way excused her from her duty of protecting the remainder which was subjected to the lien of the judgment and still liable for sale to satisfy it.

It is not against the public policy of this State, as it is in some States, to levy on an undivided interest in real estate (Porter v. Robinson (Mo.), 29 S. W. (2d) 133) or upon a life estate. In Bradley v. Goff, 243 Mo. 95, 147 S. W. 1012, we held since it was the duty of the life tenants to pay the ordinary annual taxes, that upon their failure to do so suit was properly brought against them and their estate sold although the remaindermen were not made parties. In a number of cases in this State there has been no question about the propriety of levying upon the life estate alone or of the validity of the sheriff's deed conveying the interest of the life tenant only, leaving undisturbed and unaffected the title of the remainderman who had not been made a party to the proceedings. [Falvey v. Hicks, 315 Mo. 442, 286 S. W. 385.] In Kentucky, the decisions indicate that the estate of the life tenant should first be exhausted before the interest of the remainderman be sold. [Fenley v. City of Louisville, 119 Ky. 659, 84 S. W. 582.]

In deciding these questions as we have it becomes unnecessary, and the parties so agree, to consider other arguments which have been advanced.

The judgment is affirmed. All concur.