THE STATE *ex rel.* HAYES, *Appellant*, v. SNYDER.

### Division Two, June 8, 1897.

1. **Taxes**: REAL ESTATE: PERSONAL JUDGMENT. No personal judgment can be rendered against the taxpayer for taxes against his land. The levying of taxes is a matter solely of statutory creation, and no means can be resorted to to coerce their payment except such methods as are pointed out in the statute.

2. ———: ———: GENERAL JUDGMENT. The State is not entitled to a general or personal judgment against one for taxes on real estate. It is entitled to a special judgment which may be made a specific lien on the real estate described in the assessment; but a levy can not be made upon any property of the defendant for the payment of such judgment except upon the land against which the tax was originally listed.

3. ———: TWO METHODS OF COLLECTING TAXES. The State has two methods by statute for collecting taxes against real estate. One is by suit to enforce the State's special lien against the specific piece of property; by the other, the collector is given power to seize and sell personal property, without judgment, for the payment of all taxes.

4. ———: WHOSE LIABILITY. The person who owns the property on the first day of June is liable for the taxes for the ensuing year.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*H. H. Meriwether* for appellant.

(1) The assessment of the taxes against the real estate owned by the defendants created a personal liability against them for the taxes. R. S. 1889, sec. 7569; Burrows on Taxation, sec. 7, p. 4; Cooley on Taxation [2 Ed.], p. 354; 2 Desty on Taxation, p. 706. (2) The State can collect said taxes by a suit,

as in this case.  R. S. 1889, sec. 6508; Cooley on Taxation [2 Ed.], p. 435; Burrows on Taxation, sec. 105, p. 253; *Ib.*, p. 272; *Perry County v. Railroad*, 58 Ala. 563; *State of Texas v. Williams*, 8 Tex. 384; *Sherwin v. Wigglesworth*, 129 Mass. 64; *State ex rel. Collector v. Tittmann*, 103 Mo. 553; *In re Life Association of America*, 12 Mo. App. 40.

*Scarritt, Griffith & Jones* for respondents.

(1)  There can be no personal judgment for land taxes.  No means can be resorted to to coerce the payment of taxes other than those pointed out in the statute.  *City of Carondelet v. Picot*, 38 Mo. 125.  The method usually resorted to for the collection of taxes against land is that required by sections 7681 to 7684 inclusive, Revised Statutes 1889, which provide for the enforcement of the State's lien against the land itself by suit against the owner of the land.  Sec. 7682.  No personal judgment is allowed in this proceeding.  Sec. 7683.  Section 7608, Revised Statutes 1889, provides another method for the collection of delinquent personal or land taxes, viz.:  The seizure and sale after October 1, of goods and chattels of the person liable for the taxes, in the same manner as goods and chattels are required to be seized and sold under execution issued on judgments at law, but under this proceeding no personal judgment is authorized for the amount of taxes due.  These are the only methods prescribed by law for the collection of taxes against land.  (2)  Section 7626, Revised Statutes, expressly provides that a personal judgment may be had for the collection of personal taxes.  Section 7626 was passed April 6, 1887.  And this court in *State ex rel. v. Hoyt*, 123 Mo. 356, held that a personal judgment could not be rendered for personal taxes prior to the passage of said act.  If

the legislature had intended that a personal judgment might be rendered for real estate taxes against the person liable to pay the same, they would have made that intention plain by some such direct and positive enactment as section 7626 respecting personal taxes. *In re Life Association of America*, 12 Mo. App. 40; *Blevins v. Smith*, 104 Mo. 583; *State ex rel. v. Sargent*, 76 Mo. 560; *Mathews v. City of Kansas*, 80 Mo. 236; *Carondelet v. Picot*, 38 Mo. 125; *State ex rel. v. Goodnow*, 80 Mo. 275; *State v. Railroad*, 13 Mo. App. 53; *Jaicks v. Sullivan*, 128 Mo. 184. (3) The land against which the taxes in controversy are claimed, having been acquired by the United States for government purposes on July 31, 1891, on that date became exempt from all taxes and assessments. Session Acts 1883, p. 129; R. S. 1889, secs. 6556–6560; Acts 1891, p. 181; R. S. 1889, sec. 7504. (4) And having become exempt before the taxes in controversy were levied and payable, there was nothing on which a tax could be levied, and there being no tax levied, there is no tax, nor debt, for which plaintiff can sue. *Southern Hotel Co. v. County Court*, 62 Mo. 134; *Bannon v. Burnes*, 39 Fed. Rep. 898; *Overall v. Ruenzi*, 67 Mo. 203; *City of Mexico to use Col. v. Cauthorn*, 25 Mo. App. 285; *Ketchum v. Railroad*, 3 Cent. Law Journal, 725; *Westport ex rel. v. McGee*, 128 Mo. 158; Black on Tax Titles [2 Ed.], secs. 120 and 121; *State ex rel. Wheat v. Railroad*, 36 S. Rep. 211. (5) This is a suit brought under the statutes for alleged taxes, and is brought against parties who it is admitted were not the owners of the property described in the tax bill at the commencement of the suit. If the contention of plaintiff be correct, this is an action for debt, and if so, the petition fails to state a cause of action. *State ex rel. v. Hoyt*, 123 Mo. 357.

BURGESS, J.—This is an action at the relation of Hayes, collector of Jackson county, begun in the circuit court of that county to recover personal judgment against defendants for the amount of taxes assessed against certain real estate in Kansas City, of which they were the owners on the first day of June, 1891.

The case was tried upon the following agreed statement: "It is agreed and admitted by the parties to this action that the defendants were the owners of the real property described in the petition at the time the assessment for the taxes in question was made, that is, on the first day of June, 1891; that the defendants sold and conveyed said property on the thirtieth day of July, 1891, to the United States of America, for the purpose of erecting a building thereon for the use of the United States court, postoffice, internal revenue and other government offices. It is also admitted that the taxes appear on the tax books as set forth in the petition of plaintiff, and that said taxes have not been paid. It is further admitted that said tax was not levied until April 1, 1892, and was not payable until September 1, 1892."

There was judgment for defendants, from which plaintiff appeals.

The first question presented by this record for our consideration is as to whether or not the assessment of taxes against the real estate owned by defendants at that time, created a personal liability against them for the taxes? It is insisted by plaintiff that it did, both by reason of section 7569, Revised Statutes 1889, which provides that "every person owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing year," and irrespective of the statute. We quite agree with plaintiff with respect to the meaning of the statute and that by its

provisions a personal liability exists against defendants for the amount of the taxes levied upon the land which they owned on the first day of June, 1891. But, aside from the statute, the same rule seems to be generally, if not universally, announced by the text writers upon the subject.

Thus in Burroughs on Taxation, sec. 7, p. 4, it is said: "The tax is a contribution required of its citizens by the State, and when it is measured, as to its amount, by the value of the productiveness of the property, it is still a tax on the person, and there is a personal liability on the person assessed with the tax. 'The individual, and not his property, pays the tax. The property is resorted to for the purpose of ascertaining the amount of the tax with which the owner must be charged.' The tax is imposed upon the person of the owner on account of his ownership of the property. . . . . . . . There is an exception to this general rule in local assessments, or taxation on the benefits conferred. This is a species of taxation *in rem.*" The same rule is announced in Cooley on Taxation [2 Ed.], p. 354.

But it does not necessarily follow that plaintiff can maintain this action for a personal judgment against defendants for such tax. This depends altogether upon whether or not any other exclusive provision for their collection has been provided for by statute.

A tax is not a debt in the ordinary sense of that term, as it is not founded upon contract, and as a general thing a debt can not be created in any other way. "Tax proceedings are *in invitum.* The tax is an impost levied by the authority of the government for the support of the State, and has none of the characteristics of a contract, the essence of which is an agreement expressed or implied." Burroughs on Taxation, sec.

105, p. 253; *City of Carondelet to use, etc., v. Picot*, 38 Mo. 125. Therefore, if the statutes of this State make special provisions for the collection of taxes against real estate, and do not apparently contemplate that any others will be necessary, the mode of collection prescribed by statute is exclusive.

Cooley on Taxation [2 Ed.], 16, says: "But in general, the conclusion has been reached that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common law action for the recovery of the tax as a debt will not lie." This is the generally accepted doctrine, though there are exceptions to this general rule, for instance, where right to bring suit is expressly given by statute, or where the implication of an intent to give a remedy by suit may be so strong as to be conclusive; as where the statute provides for tax, but is silent as to the method of collection." Cooley on Taxation [2 Ed.], 435; *City of Carondelet v. Picot, supra.*

By section 7681 to 7684, inclusive, Revised Statutes 1889, a method for the collection of taxes against land is provided for, which is by the enforcement of the State's lien by suit against the owner of the land. No personal judgment against the owner is provided for, but by section 7683, Revised Statutes, it is expressly provided that: "The judgment shall describe the land upon which taxes are found to be due; shall state the amount of taxes and interest found to be due upon each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the State be enforced, and that the real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold, and a *special fieri facias* shall be issued thereon, which shall be executed as in other cases of special judgment and execution, and said judgment shall be a first lien

upon said land." Thus clearly showing that no personal judgment against the owner of the land was contemplated by the legislature.

Moreover, section 7608, Revised Statutes, provides another mode for the collection of such tax. It is in the following language: "The collectors shall diligently endeavor and use all lawful means to collect all taxes which they are required to collect in their respective counties, and to that end they shall have the power to seize and sell the goods and chattels of the person liable for taxes, in the same manner as goods and chattels are or may be required to be seized and sold under execution issued on judgments at law, and no property whatever shall be exempt from seizure and sale for taxes due on lands or personal property: *Provided*, that no such seizure or sale for taxes shall be made until after the first day of October of each year, and the collector shall not receive a credit for delinquent taxes until he shall have made affidavit that he has been unable to find any personal property out of which to make the taxes in each case so returned delinquent; but no such seizure and sale of goods shall be made until the collector has made demand for the payment of the tax, either in person or by deputy, to the party liable to pay the same, or by leaving a written or printed notice at his place of abode for that purpose, with some member of the family over fifteen years of age. Such seizure may be made at any time after the first day of October and before said taxes become delinquent, or after they become delinquent."

There are therefore two different methods provided by statute for the collection of taxes against real estate, viz., one by suit to enforce the State's lien against the land, the other to distrain personal property for "all taxes." *In re Life Association of America*, 12 Mo. App. 40, it was said: "The right thus given to distrain per-

sonal property for 'all taxes,' as well before as after they have become delinquent, shows that all taxes are personal charges against the owner of the property in respect of which they are levied.    It is true that a tax is not a mere debt in the sense that a common law action will lie for its recovery.    It is an impost levied upon the citizen *in invitum;* and for coercing its payment the State is limited to the modes pointed out by statute."    *Carondelet v. Picot, supra.*

No personal judgment can be rendered against the taxpayer for taxes against his land.    *Blevins v. Smith,* 104 Mo. 583.    It was said in *City of Carondelet v. Picot, supra:* "The levying of taxes is a matter solely of statutory creation, and no means can be resorted to to coerce their payment, other than those pointed out in the statute."

What has been said finds support in the fact that it is expressly provided by statute (R. S. 1889, sec. 7626), that: "*Personal* taxes assessed on and after June 1, 1887, shall constitute a debt for which a personal judgment may be recovered in the circuit courts of this State, against the party assessed with said taxes," while there is no such statute with regard to taxes against real estate.    It logically follows that the plaintiff can not maintain this action.

The conclusion reached renders it unnecssary to pass upon other questions discussed by counsel for defendants in their brief.

The judgment is affirmed.    GANTT, P. J., and SHERWOOD, J., concur.