[Civ. No. 2847. First Appellate District, Division One.—March 13, 1919.]

MARIN MUNICIPAL WATER DISTRICT (a Public Corporation), Appellant, v. NORTH COAST WATER COMPANY, Respondent.

[1] EMINENT DOMAIN—ENCUMBRANCES—IMPLIED COVENANTS.—Where property is taken by a proceeding in eminent domain, there is no implied covenant, as in a voluntary conveyance by grant, against encumbrances or liens.

[2] ID.—PAYMENT OF LIENS—RIGHT TO DEDUCT FROM JUDGMENT—CONSTRUCTION OF SECTION 1248, CODE OF CIVIL PROCEDURE.—Section 1248 of the Code of Civil Procedure gives to the person taking property by proceedings in eminent domain the right to retain from the sum of money to be paid for it the amount necessary to discharge any lien existing thereon, but his neglect to adopt this course would not give rise, in the absence of some other provision of law creating it, to a right of action to recover it when once paid.

[3] ID.—PAYMENT IN FULL TO OWNER — RIGHT OF RECOVERY.—Section 1712 of the Civil Code does not give such a right of recovery where the person taking property by proceedings in eminent domain has paid the full purchase price to the owner of the land.

[4] ID.—CONDEMNATION OF LAND SUBJECT TO TAX—DUTY OF OWNER TO PAY.—Where a municipal water district condemns certain land and, pursuant to proceedings had in accordance with section 1254 of the Code of Civil Procedure, is let into possession thereof, there is no obligation on the part of the owner to pay the taxes which are due and a lien on the land, but not delinquent, at the time of the transfer.

APPEAL from a judgment of the Superior Court of Marin County, Edgar T. Zook, Judge. Affirmed.

The facts are stated in the opinion of the court.

George H. Harlan for Appellant.

Charles S. Wheeler, John F. Bowie and Nathan Moran, for Respondent.

RICHARDS, J.—In this action the plaintiff sought to recover from the defendant the sum of $2,224.57, which it had paid as county and municipal taxes upon certain real property situated in the county of Marin. The complaint set forth certain facts in an attempt to show that it was the duty of the defendant to have paid these taxes, and that it not having done so, the plaintiff, in order to free its property from the lien thereof, was compelled to and did pay them. A general demurrer to the complaint was sustained without leave to amend, and the plaintiff appeals from the judgment thereupon entered.

It appears from the complaint that the plaintiff is a municipal water district. As such it brought an action to condemn certain lands of the defendant. It had theretofore procured a valuation of said lands to be made by the railroad commission, which fixed such valuation at the sum of $289,100. The action was tried on February 14, 1916, and resulted in a judgment, entered on March 21st following, that the plaintiff take said lands upon paying the said sum of $289,100, from which judgment the defendant took an appeal.

On or about the first Monday of March of the same year the real property was assessed by the county assessor, and a part thereof by the town assessor of Mill Valley, for taxation purposes, and in the following September county and municipal taxes were duly levied (being the taxes giving rise to the present controversy), and became a lien upon the real property referred to as of the first Monday in March, 1916. These taxes became due on October 23d of that year.

On October 24, 1916, the plaintiff, upon notice theretofore given, procured from the superior court, under the provisions of section 1254 of the Code of Civil Procedure, an order placing it in possession of the property upon payment of the

amount previously found to be its value, and a few days thereafter, to wit, on November 1st, it paid to the defendant this amount and entered into possession of the real property. At the time of the transfer neither the county nor municipal taxes had been paid, and several weeks later became delinquent, and the property was sold therefor. Thereafter the plaintiff redeemed it, and demanded of the defendant that it reimburse to it the amount so paid out, which the defendant refused to do.

The facts as above narrated disclose that at the time the plaintiff took over the real property the taxes, although due and a lien thereon, were not delinquent. There had been no default on the part of the defendant. [1] Its property being taken from it by a proceeding *in invitum,* there was no implied covenant, as in a voluntary conveyance by grant, against encumbrances or liens. Nor are we pointed to any provision of law placing upon defendant any obligation to the plaintiff to remove from the property about to be taken from it any lien existing thereon. The plaintiff claims that such obligation arises from the terms of section 1248 of the Code of Civil Procedure. That section reads as follows: ''When the property sought to be taken is encumbered by a mortgage or other lien, and the indebtedness secured thereby is not due at the time of the entry of judgment, the amount of such indebtedness may be, at the option of the plaintiff, deducted from the judgment, and the lien of the mortgage or other lien shall be continued until such indebtedness is paid.''

[2] We do not so construe the section. It gives to the person taking property by proceedings in eminent domain the right to retain from the sum of money to be paid for it the amount necessary to discharge any lien existing thereon, but his neglect to adopt this course would not give rise, in the absence of some other provision of law creating it, to a right of action to recover it when once paid. The right given by this section seems to be one the extent of which is measured by the mode prescribed for its exercise. In eminent domain proceedings the only obligation resting upon the defendant is to prove his damages. A case in which this question arose is *Gray* v. *Case,* 51 N. J. Eq. 426, [26 Atl. 805]. There the condemnor failed to provide against a lien both at the trial and after the award was paid into court. The court of chan-

cery of New Jersey used this language with regard to the situation thereby created: "But the company failing to give the requisite notice it still had the right to have equitable distribution of the award among those interested. For this purpose it was entitled to the aid of the court (*Platt* v. *Bright,* 29 N. J. Eq. 128; Id., 31 N. J. Eq. 81). This too was neglected by the company. Parties who fail to avail themselves of the rights and safeguards which the law offers them cannot complain when such failure results in their disadvantage."

Plaintiff also claims in support of its right to recover that the case comes within the provisions of section 1712 of the Civil Code, reading: "One who obtains a thing without the consent of its owner, or by a consent afterwards rescinded, or by an unlawful exaction which the owner could not at the time prudently refuse, must restore it to the person from whom it was thus obtained, unless he has acquired a title thereto superior to that of such other person, or unless the transaction was corrupt and unlawful on both sides." **[3]** Obviously this section is entirely foreign to the matter in hand.

**[4]** We are of the opinion that the facts set out in the complaint fail to show any obligation on the part of the defendant to have removed the lien of the taxes at the time of the transfer of the land to the plaintiff; and that, there being no such covenant or duty, there could be no liability created either by the fact that the defendant did not pay such taxes or that the plaintiff did pay the same.

It follows that the trial court correctly held that the complaint stated no cause of action.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 12, 1919.

All the Justices concurred.