[L. A. No. 14867.   In Bank.—December 26, 1934.]

CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Walter L. Bruington and Arthur W. Nordstrom, Deputies City Attorney, for ·Petitioner.

J. Wiseman Macdonald for Respondent.

LANGDON, J.—This is a petition for a writ of mandate. Plaintiff City of Los Angeles commenced proceedings in condemnation of land owned by Frances A. Wright by filing its complaint March 16, 1926. Subsequently on March 20, 1928, the court found the value of the property as of June 21, 1927, in the sum of $18,153, and entered its interlocutory judgment. On March 8, 1928, prior to the entry of the judgment, assessments for certain street improvements became liens on the property. They were not due at that time, and the city withheld from the amount fixed by the judgment the sum necessary to pay them, and tendered the balance to the owner of the property. She

refused to execute a full satisfaction of judgment, and the lower court denied plaintiff's motion for entry of final judgment on such terms. Plaintiff then made this application for a writ of mandate to compel the entry of the judgment.

Petitioner's right is established by section 1248, subdivision 8, of the Code of Civil Procedure, which provides: "When the property sought to be taken is encumbered by a mortgage or other lien, and the indebtedness secured thereby is not due at the time of the entry of the judgment, the amount of such indebtedness may be, at the option of the plaintiff, deducted from the judgment, and the lien of the mortgage or other lien shall be continued until such indebtedness is paid." The statutory declaration seems entirely clear. The defendant property owner, however, urges that the *ejusdem generis* rule should apply, and that the words "mortgage or other lien" should be construed as "mortgage or similar lien", or "mortgage and lien of like nature". So construed, it is contended, the statute will be restricted in its application to liens created by the property owner, and will not include a street assessment lien created by law.

The rule of construction relied upon is of course not positive or mandatory, but is simply an aid to the ascertainment of the legislative intention. Usually it finds its application in a case where several classes of persons or things are enumerated, and then the provision for "other" things or persons follows; and not where, as here, but one class is first enumerated. (See *State* v. *Broderick*, 7 Mo. App. 19, 21.) Nor is there any logical reason to be found for the restrictive interpretation urged by defendant. The purpose of the statute is obviously to prevent a situation wherein the condemnor will pay the full value of the land, and thereafter will be forced to pay again to holders of liens on the land, when the liens become due. Bearing this purpose in mind, it certainly makes no difference whether the lien was created by the owner, as in the case of a mortgage, or arose in other ways.

The case of *Marin Municipal Water District* v. *North Coast Water Co.*, 40 Cal. App. 260 [180 Pac. 620], fully supports the conclusion we have reached. In that case a condemnation suit was brought, and prior to judgment taxes were assessed and became a lien on the property. The

plaintiff, however, paid the full amount determined by the court as the value of the property, and went into possession. Subsequently the property was sold for delinquent taxes. Plaintiff redeemed it, and brought an action to recover the amount paid. The court held that it could not sue for reimbursement because its only right was to deduct the amount before paying the judgment to the property owner. Speaking of section 1248 of the Code of Civil Procedure, the court said: "It gives to the person taking property by proceedings in eminent domain the right to retain from the sum of money to be paid for it the amount necessary to discharge any lien existing thereon, but his neglect to adopt this course would not give rise, in the absence of some other provision of law creating it, to a right of action to recover it when once paid. The right given by this section seems to be one the extent of which is measured by the mode prescribed for its exercise." The foregoing discussion and holding is necessarily based upon the preliminary conclusion that the statute does cover tax liens.

Let a peremptory writ of mandate issue as prayed.

Curtis, J., Preston, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.