## UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF SAN DIEGO, SAN DIEGO COUNTY, et al.

### No. 118–SD Civil.

District Court, S. D. California, S. D.

May 15, 1942.

Wm. Fleet Palmer, U. S. Atty., by Chas. H. Scharnikow, both of Los Angeles, Cal., and George A. Lazar, Jr., of San Diego, Cal., for the United States.

Jacob Weinberger, City Atty., by James J. Breckenridge, Deputy City Atty., both of San Diego, Cal., for codefendants City of San Diego.

Edward L. Bracklow, of San Diego, Cal., for certain defendants.

Thomas Whelan, Dist. Atty., of San Diego, Cal., for San Diego County.

NETERER, District Judge.

Pursuant to declaration of taking, for the use of the United States under authority of law for the purpose of a site for housing for persons engaged in National Defense activities and their families, in the vicinity of San Diego, California, this proceeding was instituted, on the 15th day of August, 1941.

A trial by jury was, by stipulation in writing waived by the owners of the several parcels, and by the United States, and the consent of the Judge.

At the opening of the trial it was stipulated that the prorating, if any, of the taxes against the said several parcels on trial, between the owners of the 44 parcels in issue and the United States for the year 1941, should be determined by the court after the trial and value fixed. The findings of the court as to value having been rendered, the issue as to the prorating of the taxes assessed for the year 1941 is presented. The plaintiff contends that taxes for the year 1941, against said several parcels, should be withheld and deducted from the award. The owners of the several parcels respectively contend that the tax for the year 1941 should be prorated, and that only that part of the taxes which accrued against the several parcels while the title vested in the owner, from July 1st, the beginning of the fiscal year, to the 15th day of August, 1941, when the title was divested from the owners, vested in the plaintiff.

The basis of the owners' contention to prorate the current taxes is 40 U.S.C.A. § 258a, which reads: "The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

The owners in support of their contention cite: United States v. Certain Land,

etc., D.C.Mo.1939, 29 F.Supp. 92, and United States v. Certain Parcels of Land, etc., D.C.Md.1941, 40 F.Supp. 436.

The determination of this issue involves a consideration of the California Law relative to taxation and the construction and application thereof by the California courts.

The funds on deposit in the Registery of the court stand in place of the respective parcels of land condemned, and are subject to all liens which have attached to the several parcels at the time of the entry of the decree of condemnation. The lien status is not changed by the taking of the land by the inherent right in society, and superior to all property rights, subject only to just compensation (5th Amendment to the Constitution) for public need and use by the declaration of taking, and the decree of condemnation. This in effect was a compulsory sale by the owners of the properties to the plaintiff. 29 C.J.S., Eminent Domain, Sec. 1, page 779. See also Buckhout v. New York, 176 N.Y. 363, 68 N.E. 659–661; Jackson v. State, 213 N.Y. 34, 35, 106 N.E. 758, L.R. A.1915D, 492, Ann.Cas.1916C, 779; Bethany Pres. Church v. City of Seattle, 154 Wash. 529, 282 P. 922, 924. It is distinguished from a judicial sale, after notice, to the highest bidder.

There are matters which require consideration by the court to determine just and equitable claims for compensation out of the award, hence the quoted portion of Sec. 258a, supra. The tax lien status however, must be determined by the law of the state, and, if established, must be followed by the United States Court. In United States v. Certain Parcels of Land, etc., 29 F.Supp. 92, at page, 94 supra, the court said: "Section 9747, R.S.Mo.1929, Mo.St.Ann. § 9747, p. 7868, [Mo.R.S.A. § 10941] imposes upon all real property a lien in favor of the state for all taxes thereon, that lien to continue in force until all taxes, forfeitures, back taxes and costs have been fully paid or the land sold or released *but it does not fix the time when the lien shall attach.*" (Italics supplied) On page 95 of 29 F. Supp. the court quotes from a decision of the Supreme Court of Missouri as follows: "The lien of the state for taxes is established by an assessment of all land for that purpose. * * * However, said lien does not accrue and become a fixed encumbrance until the amount of the tax is determined by an annual assessment of

the land and annual levy of the tax. * * * landowner cannot pay the annual tax until after it has been determined, ordered and levied and certified to the collector. * * * It follows that at the time appellant purchased the land, the owner held title free of, but subject to, the lien of future installments of the estimated total tax. * * *" And then says: "The language quoted demonstrates that the highest Court of the State has ruled that real estate taxes do not become a lien until the levy is made and the amount of the tax definitely determined."

In United States v. Certain Parcels of Land, etc., D.C., 40 F.Supp. 436, at page 443 the court said: "The status of taxes as liens on real or personal property is of course to be determined by the laws of the particular state. After the property is taken by the government it is exempt from state taxation, and this gives rise to the question as to whether, when the taking is within a current tax period, there should be an equitable adjustment of the whole tax bill as of the time of surrender of possession of the property to the government. United States v. Certain Land, D.C., 29 F.Supp. 92."

It is obvious that these cases do not support the owner's contention, but are in harmony with, the conclusions hereinafter stated.

The Supreme Court of the United States in United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327, held that the tax lien is not objectionable under the Constitution as applied to a purchaser who bought on or after the tax day and before the amount of the tax had been fixed by levy and assessment. On the first Monday of March, 1941, the process of assessment for taxes, in issue to become payable in November, 1941, began. By the laws of the state the lien became fixed on the first Monday of March, 1941. The Supreme Court in United States v. Alabama, supra, at page 280 of 313 U.S., at page 1013 of 61 S.Ct., 85 L.Ed. 1327 said: "There is no question that the State thus undertakes to create an inchoate lien upon the lands as of the tax day, a lien which is to be effective for the amount of the taxes for the ensuing year as these are fixed by the defined statutory method. This lien by the state law is made effective not only as against the owners on the tax day but also as against subsequent mortgagees and purchasers. * * * Subsequent lienors and purchasers have due notice of the tax liability imposed as of the tax day and of the process of assessment, and that liability, when its amount is definitely ascertained, relates back to the day specified. * * * The lien in such case, though inchoate on the day specified, and maturing when the extent of liability is ascertained by the statutory process, is similar in that respect, as the court said in the Maclay case [People of State of New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754], to the lien of a transfer tax or duty upon the estate of a decedent which is effective although the amount is ascertained after death."

It is conceded that the tax lien by the California law attaches from the first Monday in March. It appears that by Sec. 1248, Code of Civil Procedure of California, the tax lien must be satisfied out of the award in the same manner as such liens are paid by purchaser. In City of Los Angeles v. Superior Court, 2 Cal.2d 138, at page 140, 39 P.2d 401 the court states: "Petitioner's right is established by section 1248, subd. 8 of the Code of Civil Procedure, which provides: 'When the property sought to be taken is encumbered by a mortgage or other lien, and the indebtedness secured thereby is not due at the time of the entry of the judgment, the amount of such indebtedness may be, at the option of the plaintiff, deducted from the judgment, and the lien of the mortgage or other lien shall be continued until such indebtedness is paid.' The statutory declaration seems entirely clear." The Court further says: "The case of Marin Municipal Water District v. North Coast Water Co., 40 Cal.App. 260, 180 P. 620, 621, fully supports the conclusion we have reached. In that case a condemnation suit was brought, and prior to judgment taxes were assessed and became a lien on the property. The plaintiff, however, paid the full amount determined by the court as the value of the property, and went into possession. Subsequently the property was sold for delinquent taxes. Plaintiff redeemed it, and brought an action to recover the amount paid. The court held that it could not sue for reimbursement, because its only right was to deduct the amount before paying the judgment to the property owner. Speaking of section 1248 of the Code of Civil Procedure, the court said: 'Gives to the person taking property by proceedings in eminent domain the right

to retain from the sum of money to be paid for it the amount necessary to discharge any lien existing thereon, but his neglect to adopt this course would not give rise, in the absence of some other provision of law creating it, to a right of action to recover it when once paid. The right given by this section seems to be one the extent of which is measured by the mode prescribed for its exercise.' The foregoing discussion and holding is necessarily based upon the preliminary conclusion that the statute does cover tax liens."

The tax lien having attached to the property on the first day in March, 1941, is a fixed liability as of the first Monday of March, 1941 (United States v. Alabama, supra) and attaches as a lien, and this lien is transferred to the award, and must be deducted from the awards to the several parcels.