886

## PEOPLE OF PUERTO RICO v. PALO SECO FRUIT CO. et al.

### No. 3870.

Circuit Court of Appeals, First Circuit.

July 9, 1943.

William Cattron Rigby, of Washington, D. C. (Manuel Rodriguez Ramos, Acting Atty. Gen. of Puerto Rico, of counsel), for appellant.

Herbert L. Barrett, of Boston, Mass., and L. E. Dubon, of San Juan, Puerto Rico, for Palo Seco Fruit Co.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., for the United States.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

During October, 1941, the United States Government by condemnation proceedings obtained title to and possession of the appellee's land in Puerto Rico. The question raised by this appeal is whether the insular government is entitled to receive out of the money deposited in the court below as compensation for this land the full amount of the property taxes for the fiscal year current when the land was taken. The court below ordered that the insular government was entitled to receive only half of the property taxes for the fiscal year current at the time of taking and thereupon the People of Puerto Rico took this appeal to us under § 128 of the Judicial Code. 28 U.S.C.A. § 225.

In People of Puerto Rico v. United States, 1 Cir., 131 F.2d 151, decided by this court on November 6, 1942, we held, after analyzing the applicable Puerto Rican statutes, that no present, existing lien for property taxes for any fiscal year arose prior to the beginning of that fiscal year, that is on July 1, so that when property was condemned and taken by the United States before July 1 of a calendar year but after January 15 of that year (the date when taxes for the ensuing fiscal year are assessed) the funds deposited in court as compensation are not to be charged with the payment of any part of the property taxes for the fiscal year following. In that case we did not consider the question presented in this one, that is, whether, when property is condemned and taken after the beginning of a fiscal year but during the first half of it, there is then a present, existing lien for the whole amount of the property taxes for the then current fiscal year, or whether there is such a lien only for the first half of such taxes.

The district court held that since property taxes fall due in two equal installments, the first at the beginning of the fiscal year and the second at the beginning of the second half of that year, the lien to secure the payment of the tax arises for the first installment on July 1, and for the second installment on the first day of January following. We do not agree.

Section 315 of the Political Code provides, so far as here material, that: "The tax that is assessed for the current fiscal year * * * against each piece or parcel of real property * * * shall constitute the first lien thereon * * *." But neither it, nor any other Puerto Rican statute, specifically provides when this lien shall arise, and, as we noted in our previous opinion referred to above, the Supreme Court of Puerto Rico has not de-

cided that question. All that the Supreme Court of Puerto Rico has decided is that an owner's personal responsibility for the payment of real property taxes arises on the date of assessment on January 15, and that this personal responsibility persists even though before the date when the first installment of the tax falls due on July 1, the property has been condemned and taken for a public purpose. Asociacion de Maestros de Puerto Rico v. Bonet, 54 D.P.R. 536 (Spanish edition); Roig v. Bonet, 54 D.P.R. 649 (Spanish edition).

Considering the Puerto Rican Statutes (Political Code of Puerto Rico § 285 et seq.), it seems evident that but one tax is assessed for each fiscal year, not separate taxes, equal in amount, for each half of a fiscal year. Section 330 of the Political Code, which provides that "The taxes imposed by section 285 of this Title shall be payable semi-annually in advance upon the first day of July and January of each year," does not seem to us to militate against this view because it only provides that the whole tax shall not fall due at once but shall be payable in two equal installments. In view of this and of the provision in section 315, the only section bearing upon the issue before us, that the tax for the current fiscal year on property shall constitute the first lien upon it, we conclude that the Puerto Rican legislature must have intended that the lien for property taxes arises for the full amount of the tax assessed for a fiscal year when the fiscal year begins on July 1, and so that the court below was in error in holding that during the first half of a fiscal year the lien was only for the first half of the taxes assessed.

The court below in its order said (although it did not base its order on this ground) that "There is really very little equity in exacting a property tax from a tax payer after he had been deprived of his property", and that under the power conferred by the last paragraph of 40 U.S.C.A. § 258a, which gives it authority to make such orders in respect to encumbrances, liens, taxes, etc., if any, "as shall be just and equitable", it was disposed to the view that it "might make an order in respect to encumbrances or liens which would require the payment only of the taxes accrued and payable up to the time of taking."

We do not here feel called upon to decide the scope of the power conferred by the section of the Code quoted above. But as a caveat we feel that we should advert to the constitutional question which would arise under the due process clause if a court of equity should undertake to destroy a lien without compensation to the lienor. Furthermore, but also without deciding the point, we feel that it would be hard to support a conclusion that it would be inequitable to enforce a lien for taxes for which the Supreme Court of Puerto Rico has said the owner is personally liable, and to secure which the legislature has seen fit, as we construe the applicable statute, to give a lien.

The order of the District Court is vacated and the case remanded to that court for further proceedings in conformity with this opinion.