354

COLLECTOR OF REVENUE WITHIN AND
FOR THE CITY OF ST. LOUIS, MO. v.
FORD MOTOR CO.

No. 12855.

Circuit Court of Appeals, Eighth Circuit.

Dec. 13, 1946.

Charles J. Dolan, of St. Louis, Mo. (James A. Waechter, Eugene M. Guise and J. G. Guise, Jr., all of St. Louis, Mo., on the brief), for appellant.

Elmer E. Hilpert, of St. Louis, Mo. (McDonald, Bartlett & Muldoon and Daniel Bartlett, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment in a condemnation proceeding which disallowed in part the claim of the Collector of Revenue for the City of St. Louis, Missouri, for general taxes against the condemned property.

The petition in the condemnation proceeding in which appellee, Ford Motor Company, and appellant, Collector, were both named as defendants, was filed May 23, 1942, and the United States which was condemning the land took possession on that date. On October 24, 1942, the Secretary of War filed a declaration of taking, estimating $395,000 to be the just compensation for the property taken and all interest therein, and deposited that amount with the registry of the court for the use and benefit of the persons entitled thereto. A judgment was then entered vesting title to the property in the United States and divesting the owner, Ford Motor Company, and all other persons interested, of their title and interest in the property. On November 2, 1942, the Ford Motor Company filed an application for the payment to it of the entire sum of $395,000 so deposited in court, alleging that at and before the taking, it was the owner in fee of the property. The court entered an order directing that $379,200 be paid the Ford Motor Company and that $15,800 be retained in the registry of the court subject to its further order upon a final determination as to whether the award should be paid to the Ford Motor Company, or whether the Collector should be paid for his claim for taxes out of said fund.

On November 12, 1942, the Ford Motor Company filed in court an application for payment to it of the balance of the award, whereupon the Collector of Revenue for St. Louis filed his claim for real estate taxes for the year 1942, alleging that such taxes, exclusive of interest, penalties and costs, amounted to $11,291.35. At the hearing on the claim the Collector made proof establishing the amount of the tax lien. The trial court held that the Collector was entitled only to a proportionate share of the 1942 taxes calculated on a basis of possession by the Ford Motor Company until May 23, 1942. On this basis the Collector was allowed $4,419.14 for taxes for 1942, and the balance of the retained fund was ordered paid to the Ford Motor Company.

On this appeal the Collector contends that the court was without power to prorate the general real estate taxes for 1942 against the property condemned, and that the Collector was entitled to the full amount of the taxes assessed and levied for that year. There are no disputed questions of fact. It is conceded that the tax lien attached to the property condemned prior to the time of the filing of the petition in condemnation and prior to the time the United States took possession of said land.

When the United States appropriated the land in question under the power of eminent domain, the lien for taxes could not thereafter be specifically enforced against the property taken, but the effect of the condemnation proceeding was to transfer the lien from the land to the award in the registry of the court. Washington Water Power Co. v. United States, 9 Cir., 135 F.2d 541; United States v. 150.29 Acres of Land in Milwaukee County, 7 Cir., 135 F.2d 878.

The trial court in prorating the award was of the view that the question of the legality of such apportionment of taxes which constituted a lien upon real property had not been determined by the appellate courts of Missouri. Having reached this conclusion, the court expressed the view that upon general equitable principles, as well as upon the authority of Title 40 U.S.C.A. § 258a, it had the right to apportion the taxes. In so doing the court followed its own decision in United States v. Certain Land in the City of St. Louis, D.C.Mo., 29 F.Supp. 92, a case in which the facts were very similar to the facts in the instant case. Observing that in the cited case there had been no appeal but the decision had been accepted by all the interested parties, the court was of the view that it could not consistently hold contrary to its own opinion in the case referred to. In this connection it should be observed that since the decision in United States v. Certain Land in the City of St. Louis, supra, a number of courts have had occasion to consider this question, and although the opinion in D.C.Mo., 29 F.Supp. 92 was urged, the courts declined to

follow the rule there stated and it seems to stand alone. United States v. Certain Parcels of Land in Philadelphia, 3 Cir., 130 F. 2d 782; United States v. 150.29 Acres of Land in Milwaukee County, 7 Cir., 135 F. 2d 878; People of Puerto Rico v. Palo Seco Fruit Co., 1 Cir., 136 F.2d 886; United States v. Certain Parcels of Land in City of San Diego, D.C.Cal., 44 F.Supp. 936; United States v. Certain Lands in City of Eau Claire, D.C.Wis., 49 F.Supp. 225. See also and compare, Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778; Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478; Lifson v. Commissioner of Internal Revenue, 8 Cir., 98 F.2d 508; United States v. Consolidated Elevator Co., 8 Cir., 141 F.2d 791; Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555.

We think the court erred in holding that in the absence of some state law to the contrary, the lien for taxes might be split or apportioned. The rule is that absent some state law to the contrary, such lien must be paid in its entirety. The court's decision was therefore not based upon any affirmative local law or decision of the State of Missouri, but rather upon the theory that there were neither statutes nor decisions applicable to the situation. The court applied what it deemed to be the general law and invoked the authority vested in the court by Title 40 U.S.C.A. § 258a, which provides in part that, "The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable." This statute does not purport to give power to a Federal court to fix the amount of taxes due when the proper authorities of the state have made that decision through the administrative machinery adopted by the state for that purpose; in fact, Congress has no power to enact a state taxing measure. Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108. The power granted and the duty imposed by this statute to do equity are manifestly intended to empower the court to do justice among rival conflicting claimants. It does not empower the court to invalidate in part a valid entire tax lien. United States v. Certain Parcels of Land in Philadelphia, supra. The local law must, of course, be consulted to determine when the lien attached, and, if the lien has attached, as in the instant case, before the United States acquired title, whether the local law permits apportionment of the taxes assessed. As has been observed, it is conceded by all the parties that the lien attached before the United States acquired title or instituted its condemnation proceeding. In Missouri the lien for taxes does not accrue and become a fixed encumbrance until the amount of the tax has been determined by an annual assessment of the land and an annual levy of the tax. McAnally v. Little River Drainage Dist., 325 Mo. 348, 28 S.W.2d 650. Here the tax assessment and levy had been regularly made. Section 10940, Revised Statutes Missouri, 1939, Mo.R.S.A. provides that, "Every person owning or holding property on the first day of June, including all such property purchased on that day, shall be liable for taxes thereon for the ensuing year."

Section 10970 provides that, "Real estate shall be assessed at the assessment which shall commence on the first day of June, 1893, and shall be required to be assessed every year thereafter."

Section 10940, Revised Statutes Missouri, 1939, Mo.R.S.A., supra, provides that the person owning or holding property on the first day of June shall be "Liable for taxes thereon for the ensuing year." This applies to all taxes, real and personal. The following section, 10941, reads in part as follows: " * * *; Real property shall in all cases be liable for the taxes thereon, and a lien is hereby vested in favor of the state in all real property for all taxes thereon, which lien shall be enforced as hereinafter provided in this chapter; said lien shall continue and be in force until all taxes, forfeitures, back taxes and costs shall be fully paid or the land sold or released, as provided in this chapter."

The Kansas City Court of Appeals in Commerce Trust Co. v. Syndicate Lot Co., 208 Mo.App. 261, 235 S.W. 150, 152, referring to this statute said: "The statute gives the state a lien for all taxes, which shall continue and be enforced until they are fully paid or the land sold therefor."

■ We construe this to mean that the only way of releasing the lien which confessedly attached before this land was taken was to make full payment of the taxes.

A case which impresses us as being very persuasive as to the law of Missouri is Jasper Land & Improvement Co. v. Kansas City, 293 Mo. 674, 239 S.W. 864, 866. The court held that it was the ownership of property and not its use which created a liability for taxes. In the course of the opinion it is said: "When the city elected to take over the real estate and pay the compensation previously ascertained, the tax for the year 1918 was due and owing by respondent, and had by operation of law become a lien on the property in the city's favor. In these circumstances the city had the right to apply so much of the compensation—purchase price—in its hands as was necessary to satisfy the lien, and then pay the remainder to respondent."

■ The tax is not dependent on continued ownership but on ownership at the assessment date. As said by the Supreme Court of Missouri in McLaren v. Sheble, 45 Mo. 130, " * * * The true and equitable rule is for each party to pay the taxes assessed on account of the property owned by them respectively on the initial day of the assessment, in the absence of any stipulation to the contrary."

No case decided by any appellate court of Missouri has been cited in support of the apportionment theory of the taxes on real estate but the only authority supporting that theory is the prior decision of the trial court. The facts in this case are so similar to those in United States v. Certain Parcels of Land in Philadelphia, 3 Cir., 130 F.2d 782, 783, that they may be considered identical. In the Philadelphia case the court reversed the District Court which, relying on the case of United States v. Certain Lands in St. Louis, supra, apportioned the taxes. In reversing that decision the Court of Appeals of the Third Circuit, among other things said, "The correct test as to whether there can be apportionment, we think, is whether the tax was a lien on the property at the time title vested in the government. In this case, it is admitted that taxes for the entire year 1941 were assessed on January 1, 1941. They were, by express terms of the statute, liens on the property from that date forth. This rule would seem to settle the question of apportionment in the negative."

United States v. 150.29 Acres of Land in Milwaukee County, supra, is to the same effect, as are the cases of United States v. Certain Parcels of Land, D.C.Cal., 44 F. Supp. 936; United States v. Certain Parcels of Land in the City of Eau Claire, D.C. Wis., 49 F.Supp. 225; People of Puerto Rico v. Palo Seco Fruit Co., supra.

■ But it is argued that these federal cases involve laws of other states or territories which differ from the laws of Missouri in that, unlike the tax laws of Missouri, they impose a personal liability for real estate taxes. Section 10940, Revised Statutes Missouri, 1939, Mo.R.S.A., above quoted, provides that every person owning property shall be liable for taxes on all such property. The Supreme Court of Missouri in State [ex rel Hayes] v. Snyder, 139 Mo. 549, 41 S.W. 216, considered the question of whether or not the assessment of taxes against real estate created a personal liability against the owner. In disposing of this contention the court said inter alia, "We quite agree with plaintiff with respect to the meaning of the statute, and that by its provisions a personal liability exists against defendants for the amount of the taxes levied upon the land which they owned on the 1st day of June, 1891."

The court held that an action for personal judgment could not be maintained but held that the taxing officers might enforce the real estate tax by the seizure and sale of goods and chattels of the person liable for the tax. The laws of Missouri, therefore, provide two methods of collecting taxes against real estate: (1) by suit against the land, or (2) by distraint of personal property of the taxpayer owing taxes on real estate. Thus, in In re Life Association of America, 12 Mo.App. 40, it is said: "The right thus given to distrain personal property for 'all taxes,' as well before as after they have become delinquent, shows that all taxes are personal charges against the owner of the property in respect of which they are levied."

We are clear that under the statutes of Missouri and the decisions of its appellate courts, tax liens in Missouri may not be prorated or apportioned even though a tax-immune authority has acquired the property.

The judgment appealed from is therefore reversed and the cause remanded with directions to enter judgment consistent herewith.