[Civ. No. 17570. First Dist., Div. Two. Oct. 21, 1957.]

THE PEOPLE, ex rel. Department of Public Works, Appellant, v. RICHARD HENRY CHEDA et al., Respondents.

Robert E. Reed, Holloway Jones, Jack M. Howard, John P. Horgan, John H. Tallett and Robert J. DeFea for Appellant.

Harold B. Lerner and Raymond H. Shone for Respondents.

DRAPER, J.—After entry of judgment in this condemnation action, plaintiff deposited in court $149,710.50, the total of the awards for the three parcels involved. A portion of this amount was paid by the clerk of the court to certain of the defendants. Plaintiff then filed an affidavit alleging that the property was subject to the lien of a sanitary district securing assessments then unpaid. On plaintiff's application, defendants were ordered to show cause why the amount of the lien should not be deducted from the amount remaining on deposit. The clerk was directed to retain the remaining deposit until disposition of the order to show cause. At hearing, it was established that there were three assessments for a total, with interest to due date of bonds issued thereon, of $19,409.41, that these assessments were secured by lien, and that they were not due at date of entry of judgment. The trial court nonetheless denied the deduction sought by plaintiff and discharged the order to show cause. Plaintiff appealed. We granted writ of supersedeas requiring the trial court clerk to retain $19,409.41 pending further order of this court.

Appellant relies upon Code of Civil Procedure, section 1248, subdivision 8, which provides: "When the property sought to be taken is encumbered by a mortgage or other lien, and the indebtedness secured thereby is not due at the time of the entry of the judgment, the amount of such indebtedness

may be, at the option of the plaintiff, deducted from the judgment, and the lien of the mortgage or other lien shall be continued until such indebtedness is paid.''

On its face, this section appears fully to support appellant's position that the amount of the lien should be deducted from the judgment. Respondents, however, argue that appel-
it, in court, of the full amount of the judgment. There is no
lant's right to compel deduction terminated upon deposit by
question that, once the amount of the judgment is paid to the owner by the condemnor, the latter has no cause of action against the former owner for the amount of any preexisting lien later discovered and paid by the condemnor. (*Marin Municipal W. Dist.* v. *North Coast W. Co.*, 40 Cal.App. 260 [180 P. 620].) As stated there (p. 262), the code section ''gives to the person taking property by proceedings in eminent domain the right to retain from the sum of money to be paid for it the amount necessary to discharge any lien existing thereon, but his neglect to adopt this course would not give rise, in the absence of some other provision of law creating it, to a right of action to recover it when once paid.'' In the case at bar, appellant asserts no cause of action against respondents. It seeks only to withhold from funds yet unpaid to respondents an amount sufficient to discharge a lien which is clearly an encumbrance upon the land.

The right so to withhold may be asserted after interlocutory judgment fixing the amount of the award. (*City of Los Angeles* v. *Superior Court*, 2 Cal.2d 138 [39 P.2d 401].)

As pointed out in that opinion (p. 140), ''The purpose of the statute is obviously to prevent a situation wherein the condemnor will pay the full value of the land, and thereafter will be forced to pay again to holders of liens on the land, when the liens become due.''

There is no suggestion that the amount of the liens was deducted in the jury's determination of the value of the land, or that any evidence warranted any such deduction. To permit respondents to recover the full value of the land, and still leave the condemnor obligated to pay the amount of the liens, would be to confer upon respondents the very benefit which the code section is designed to deny them.

Where full payment has been received by the owner, there is nothing from which the indebtedness secured by lien can be deducted. Since the condemnor's only remedy is the statutory right to deduct from the judgment, it has no re-

course once payment is in the hands of the owner. (*Marin Municipal W. Dist.* v. *North Coast W. Co., supra.*) We see no reason to extend this rule to the situation where the award has been paid into court, but has not been withdrawn by the owner. There the subject matter from which to make the deduction continues in existence and remains unpaid. In such case, reason clearly indicates that the right of deduction remains in the condemnor.

At oral argument in this court, it developed that two of the parcels here involved fall within one branch of this rule, and one parcel in the other. Counsel stipulated that the full awards for Parcels A and C had been paid to and received by respondents before the existence of the liens was disclosed to the trial court. It follows that, as to these two parcels, there is no fund from which to withhold the amounts of the liens. Since there is no personal liability upon respondents, appellant cannot recover the amount of the two assessments which related to these parcels only. However, the funds now held pursuant to our writ of supersedeas constitute a part of the award for Parcel B. That parcel is subject to the lien securing Assessment 405. The right to withhold, therefore, exists as to the amount necessary to discharge that lien, (*City of Los Angeles* v. *Superior Court, supra*).

The order is affirmed as to Parcels A and C and reversed as to Parcel B. The writ of supersedeas is discharged as to the two liens which affect land lying only in Parcels A and C, and is continued, until appropriate order of the trial court in consonance with this opinion, as to the lien of Assessment 405. Neither order as to the writ of supersedeas shall be effective until issuance of remittitur herein.

Kaufman, P. J., and Dooling, J., concurred.