**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN SPACE IN the BUILDING KNOWN AS RAND McNALLY BUILDING, IN CHICAGO, COOK COUNTY, ILLINOIS, and Clark-Congress Corporation et al., Defendants.**

**No. 51 C 2024.**

United States District Court
N. D. Illinois, E. D.
Oct. 13, 1958.

Robert Tieken, U. S. Atty., Chicago, Ill., for plaintiff.

Benjamin S. Adamowski, State's Atty., Chicago, Ill., for County Treasurer of Cook County.

Howard Ellis, David Jacker, Don H. Reuben, of Kirkland, Fleming, Green, Martin & Ellis, Chicago, and Saul A. Epton, of Epton, Scott, McCarthy & Epton, Chicago, Ill., for defendants Evelyn S. Meyer and others.

PERRY, District Judge.

This matter is before the court on four motions, briefly described as follows: (1) Motion of County Treasurer of Cook County, Illinois, for leave to file his petition to reconsider and vacate the order herein of July 10, 1957; (2) motion of defendants Evelyn S. Meyer, et al., to hold the 1956 real estate taxes herein null and void; (3) motion of said County Treasurer that this court (a) strike the said motion of defendants Evelyn S. Meyer, et al., to hold the 1956 real estate taxes null and void; and (b) vacate the said order of July 10, 1957, and direct the payment to the Collector of Cook County, Illinois, from the funds on deposit with the Clerk of the Court the said 1956 real estate taxes plus such penalties, interest, fees and costs as have accrued since November 29, 1957, being the date of the filing of said Collector's brief in support of his motion to vacate the said order of July 10, 1957.

This court has reviewed the order of July 10, 1957 (hereinafter, for brevity, referred to as "said order") together with the transcript of proceedings had on the entry of said order, and has considered the motions herein, together with briefs of counsel.

It is ordered that leave be and it is hereby granted the County Treasurer of Cook County to file his petition to reconsider and vacate the order herein of July 10, 1957, and said petition is ordered filed herein instanter.

The order of July 10, 1957, here under consideration, was based upon findings, among others, that State law obtained in the matter; that title to real estate that vests in a condemning body upon payment of just compensation relates back, nunc pro tunc, to the date of the filing of that body's petition to condemn; that no real estate taxes may be assessed against condemned property or the owners thereof after the date of the filing of a petition to condemn, and ordered, among other things, that the subject property was exempt from real estate taxes for the year 1956; that the tax bill rendered by the County Treasurer as real estate taxes for the year 1956 was null

and void; and that there was no lien for such taxes upon any sum paid as compensation for the taking of the subject property.

The court recalls that the said order of July 10, 1957 was entered as an emergency measure; that no petition was filed in support of the motion for the entry of the order, and that, although both parties were represented by counsel in open court that day, there was no argument and no objection to the entry of said order.

■ This court observes that at the time of the entry of said order (of July 10, 1957), this court intended it to be final and appealable and this court believes that some of the circumstances attending the entry of said order give a certain amount of weight to the argument that the order was a final and appealable one. A review of the record in this case, however, reveals that the claims of all of the defendants herein have not yet been adjudicated, and, further, a consideration of said order, as drafted, reveals that it contains no express determination that there is no just reason for delay and no express direction for the entry of judgment. The court further finds that said order is subject to revision at any time before the entry of judgment adjudicating all claims. Rule 54(b) of Federal Rules of Civil Procedure, 28 U.S.C.A.

This court entertains serious doubt as to whether it had jurisdiction to enter the said order of July 10, 1957, reference being had to Section 1341 of Title 28 U.S.C.A., which provides that "the district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State," and is of the view that, assuming, arguendo, that said order was final and appealable, it should nevertheless be vacated as void. Federal Rules of Civil Procedure, Rule 60(b).

■■ It is pertinent, at this point, to observe that even were it to be successfully maintained that the order of July 10, 1957 was a final and appealable or-

der, this court is of the view that certain equitable relief should be considered and granted the petitioning County Treasurer herein. This court takes judicial notice that on March 5, 1958, eight months after the entry of the order in question, the United States Court of Appeals handed down a decision holding that the United States should pay to defendants Meyer et al., rent on the subject property up to and through June 18, 1956. Equity would require, even though the order of July 10, 1957 were held final and appealable, that there be paid to the County Treasurer the amount of money received by defendants Meyer, et al., for rental of the subject property. Equity cannot countenance the unjust enrichment, at the expense of the sovereign State, which would accrue to defendants Meyer, et al., were they permitted to refuse to pay taxes on property from which they were at the same time receiving rents. Were such an equitable payment (equivalent to the amount of rents received) made to the County Treasurer, however, he would be in the same position as a private individual and would not be entitled to any interest or penalties accrued.

This court is of the view that said order should be vacated on the further ground that some of the premises, on which the order is based, were and are erroneous. These matters have been brought to the court's attention in the subsequently filed petition of the County Treasurer as well as in the able and competent briefs of both counsel. The court finds, however, that in the entry of said order all parties hereto acted in good faith; that defendants Evelyn S. Meyer, et al., acted in good faith in moving for the entry of said order; and that the State's Attorney, through his assistant representing him that day in court, acted in good faith in consenting to the entry of said order.

It is, therefore, ordered that said order of July 10, 1957, be and it is hereby vacated and set aside.

It is further ordered—

(1) That motion of defendants Evelyn S. Meyer, et al., to hold the 1956 real estate taxes herein null and void be and it is hereby denied.

(2) That motion of the County Treasurer to strike the said motion of defendants Evelyn S. Meyer, et al., to hold the 1956 real estate taxes null and void be and it is hereby denied.

Now, turning to the controversy here as to liability for the 1956 real estate taxes against the subject property:

The court observes that on June 18, 1956, and at all times since that date, there has been on deposit with the Clerk of the court a fund from which the said 1956 real estate taxes could have been paid, albeit under protest, and further observes that if at the time of the entry of the order on July 10, 1957, this court's attention had been directed to some of the salient aspects of this case, this court would at that time have directed and ordered that the said 1956 real estate taxes be so paid under protest.

Defendants' position with respect to the subject property bears chameleonlike qualities. In this court, the defendants Meyer et al. disclaim liability for real estate taxes on the ground that they did not have title to the subject property. In the United States Court of Claims, however, they claimed and were awarded rental from the United States for the same property, such rent being to and including June 18, 1957.

In Case No. 108–56 entitled "Evelyn S. Meyer, as Trustee, v. The United States", involving the subject property, the United States Court of Claims in a decision dated March 5, 1958 held, among other things, that a lease entered into between "plaintiff Meyer" (defendant herein) and the government was valid and binding on both parties and that court added,

"From this we conclude that plaintiff is entitled to damages amounting to the sum of the rentals as agreed upon from the first day of August, 1955, when defendant ceased to pay the rent, up to and through June 18,

1956, when defendant filed a declaration of taking. * * * "

This court observes that although interest and penalties on said 1956 real estate taxes, computed to July 10, 1956 (the date of the hereinabove vacated order) are properly chargeable against the fund on deposit herein with the Clerk, no interest or penalties beyond that date should be included in computing the amount due. This court is aware that public policy forbids the application of the doctrine of estoppel to a sovereign state where the public revenues are involved, but equity would seem to require that the acquiescence of the County Collector, by his counsel, in the entry of the order of July 10, 1957 precludes him from the collection of any interest or penalties beyond July 10, 1957, the date of said order.

The court finds—

(1) That this court has jurisdiction of the subject matter hereof.

(2) That on December 12, 1951, the United States filed a petition to condemn certain space only in the Rand-McNally Building, and on the same day filed a declaration of taking and deposited certain funds with the Clerk of the court.

(3) That on December 29, 1955, the United States filed an amendment to its complaint-condemnation, amending its complaint to include the right to use and occupy the entire building and to acquire a full fee simple to the building.

(4) That on June 18, 1956, the United States filed a Declaration of Taking and deposited with the Clerk of the court the sum estimated by the acquiring authority to be just compensation for the property.

(5) That all of the real estate taxes levied and due and owing as and for ownership of said premises up to and including December 29, 1955, have heretofore been paid either by the owners of said Rand McNally Building or out of funds deposited with the Clerk of this court.

(6) That the date when a State tax lien for 1956 real estate taxes attached to this property must be determined by State law.

(7) That according to the law of Illinois, the lien for such real estate taxes attached to the subject property on April 1, 1956.

(8) That in this case Federal law must govern in determining when title to the subject property vested in the United States.

(9) That title vested in the United States on June 18, 1956, the date when the United States filed the Declaration of Taking herein and deposited with the Clerk of the court the sum estimated to be just compensation for the property.

(10) That title to the subject property was not in the United States on the date when the State lien for 1956 real estate taxes attached, namely, on April 1, 1956, and that the property therefore was not exempt from such taxation.

(11) That on April 1, 1956, title to the subject property was still in the condemnees, and the 1956 real estate tax was properly assessed.

(12) That when the United States appropriated the subject property under the power of eminent domain, the lien for the said 1956 real estate taxes could not thereafter be specifically enforced against the property taken, but the effect of the condemnation proceeding was to transfer the lien for such taxes from the land to the funds on deposit with the Clerk of the court. Collector of Internal Revenue, etc., v. Ford Motor Co., 8 Cir., 158 F.2d 354; Washington Water Power Co. v. United States, 9 Cir., 135 F.2d 541; United States v. 150.29 Acres of Land, More or Less in Milwaukee County, 7 Cir., 135 F.2d 878.

(13) That the amount of the 1956 real estate taxes against the subject property, together with interest and penalties thereon accrued to July 10, 1957, is a lien on the fund on deposit herein with the Clerk of the court and should be discharged before any further disburse

ments are made from such fund, but that said taxes should be paid under protest.

The foregoing opinion of the court sets forth both the findings of fact and the conclusions of law in sufficient manner that additional findings of fact and conclusions of law are unnecessary and are therefore waived, this memorandum to stand in lieu thereof.

Petitioner County Treasurer is directed to prepare and present within 10 days from date hereof, an order in conformity with the views herein expressed, relative to the payment, under protest, of the 1956 real estate taxes.