Dear Mr. Moseley:
This letter is in response to your questions asking:
 Assuming that a couple married as of January 1, of a certain year, is subsequently divorced during the same year, which of the parties is liable for taxes assessed against personal property when the property at the time of assessment was owned either (1) jointly or (2) separately; and when the assessment was made either as to (1) one party or (2) both parties.
Section 137.075, RSMo 1978, provides:
 Every person owning or holding real property or tangible personal property on the first day of January, including all such property purchased on that day, shall be liable for taxes thereon during the same calendar year.
We believe that it is clear that this section means that the tax liability is based on the ownership of property on January 1.State ex rel. Hayes v. Snyder, 41 S.W. 216 (Mo. 1897).
It is our view with respect to personal property assessments that where the dissolution of marriage or legal separation has occurred after the January 1 date and there is no order by a court of law which would affect the assessment of property on that date, and where the assessment list returned shows both persons to be owners of the property, both such persons are jointly and severally responsible for the payment of such personal property taxes. We believe that the same is true where no assessment list is returned to the assessor and, therefore, personal property taxes are assessed by the assessor against the parties he believes to be the owners of the property on January 1. Clearly, the liability for the payment of such taxes is not dependent upon the continued ownership of the property but on ownership on the assessment date. Collector of Revenue v. FordMotor Co., 158 F.2d 354 (8th Cir. 1946).
We believe that it also follows that where only one person is shown by the assessment list to be the owner of the property that such person alone is responsible for the payment of the taxes.
Section 301.025, RSMo, provides that where no such taxes are due, the collector shall, upon request, certify such fact and transmit such statement to the person making the request. Such a statement can only be given to a person who did not either jointly or separately own personal property on January 1 of the tax year, as shown by the assessment list, unless the tax on such property has already been paid.
Finally, we enclose our Opinion No. 5 dated July 31, 1953, to Barrick, which concludes that unassessed personal property may not be added to the tax books after the tax books have been placed in the hands of the collector, by the assessor, collector or county court. See St. ex rel. Hamilton v. Brown, 72 S.W. 640
(Mo. 1903). It appears therefore that the assessment lists would have to be considered conclusive with respect to the question of liability for such taxes in the absence of an order by a court of law to the contrary.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Atty. Gen. Op. No. 5, Barrick, 7/31/53